**UNITED STATES of America, Appellant,**

v.

**Lee W. TAUFERNER and Carolyn E. Tauferner, Appellees.**

**No. 10113.**

United States Court of Appeals Tenth Circuit.

Feb. 24, 1969.

Edward Lee Rogers, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Washington, D. C., Lee A. Jackson, Jonathan S. Cohen, Attys., Dept. of Justice, Washington, D. C. and William T. Thurman, U. S. Atty., of counsel, with him on the brief), for appellant.

Eksayn Anderson, Salt Lake City, Utah, for appellees.

Before LEWIS, HILL, and SETH, Circuit Judges.

SETH, Circuit Judge.

This is an action for refund of income taxes paid on a deficiency assessment for 1961 and 1962. The trial court entered judgment for the taxpayer, and the Government has taken this appeal. The refund claimed by the taxpayer arose from his deduction of the cost of his daily transportation between his residence at Brigham City, Utah, and the Thiokol Chemical Corporation plant where he worked as a contracts administrator. The deductions were made by the taxpayer as ordinary and necessary business expenses under section 162(a) of the 1954 Internal Revenue Code, and apparently also under section 162(a) (2) as traveling expenses while away from home.

The chemical plant where the taxpayer worked manufactured and tested solid fuel rocket engines, and by reason of the dangers involved was located some distance from any community. The taxpayer was not permitted to live on the plant site, and had attempted to find a place to live at Corinne, Utah, then a small settlement about twenty miles from the plant, but could not do so. He then bought a home in Brigham City about twenty-seven miles from the plant and traveled back and forth usually by public transportation at the rate of seventy cents per round trip. He traveled by car when it was necessary to come or go outside the bus schedule. His employment was regular or permanent and of indefinite duration.

As indicated above, the trial court allowed the deductions, but did not expressly place them in the section 162(a) category or the section 162(a) (2) category. The trial court found that the closer community of Corinne was not to be considered as a possible location for taxpayer's home by reason of its limited facilities.

In substance the Government argues that the expenses of taxpayer in going from his home to the plant site and return were no different than those of any commuter. On the other hand, the taxpayer urges that these expenses were made necessary by reason of the exigencies of the business of his employer, not by reason of his convenience or preference, and were thus ordinary and necessary business expenses, and were travel expenses away from home under section 162(a) (2).

The expenses here sought to be deducted do not fall within section 162(a) (2) of the 1954 Code as non-personal ex-

penses as construed in Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (the then section 23(a) (1) (A), traveling expenses while away from home). The Court there said that:

"* * * Business trips are to be identified in relation to business demands and the traveler's business headquarters. The exigencies of business rather than the personal convenience and necessities of the traveler must be the motivating factors."

The Supreme Court in United States v. Correll, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537, has held in effect that section 162(a) (2) does not apply to trips not overnight not requiring rest or sleep. The cited case concerned meals rather than travel expenses, and the Court noted that the Commissioner had construed the "away from home" phrase in section 162(a) (2) to exclude all trips requiring neither sleep nor rest, regardless of distance. The Court said:

"* * * By so interpreting the statutory phrase, the Commissioner has achieved not only ease and certainty of application but also substantial fairness, for the sleep or rest rule places all one-day travelers on a similar tax footing, rather than discriminating against intracity travelers and commuters, who of course cannot deduct the cost of the meals they eat on the road. See Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203."

The Court also previously pointed out how the rule was preferable to a case by case approach. It also pointed out that "* * * any rule in this area must make some rather arbitrary distinctions." See also Commissioner of Internal Revenue v. Stidger, 386 U.S. 287, 87 S.Ct. 1065, 18 L.Ed.2d 53, United States v. Correll, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537 and Commissioner of Internal Revenue v. Bagley, 374 F.2d 204 (1st Cir.). The fact that the travel may or may not have been required or necessary makes no difference under this subsec-

tion, and we find it inapplicable to the taxpayer.

■ But what of section 162(a) generally? The application of this section presents the issue to one of "commuting" versus "ordinary business expense." The terms of themselves are of course not particularly helpful as they are more in the nature of conclusions. As a preliminary point it is well to observe that it is incumbent upon the taxpayer, as we held in United States v. Woodall, 255 F. 2d 370 (10th Cir.), that he place himself clearly inside the bounds of the appropriate section of the Code relating to the deduction he claims.

The taxpayer here presents a strong argument for the deduction by reason of the undisputed fact that his office was at a remote place because of the nature of the plant's product, that he was not permitted to live at the plant site, and that the nearest community was some twenty miles away. The country location, the sparse settlement of the entire area, and the somewhat hazardous nature of the product of the plant give the travel of this taxpayer an overall appearance somewhat different from that of the ordinary suburban commuter. However, the two are basically the same. The factors which are stressed in the taxpayer's argument to develop a distinction are appealing, but are not sufficient to demonstrate a real difference.

The "necessity" of the taxpayer's travel is apparent, at least from the nearest place of habitation to his office. This "necessity," although perhaps an absolute term, can be developed, and has been developed, in many of the cases concerned with ordinary commuting. This "necessity" arises by reason of the plant location in completely industrialized areas with no available housing, in completely commercial-business areas, or slum areas, in downtown sections of a city, and in an infinite variety of other situations where some travel to work is "necessary." These are not in rural surroundings where there is an absence of development as in the case before us, but where there is a complete anti-resi-

dential development. The results on the issue presented should not be different in these various fact situations. This "necessity," of course, has gradations from the absolute out in all directions to "advisable," to "preferred," or to "convenient" places to live.

The parties to this appeal urge that the facts place the case either under Wright v. Hartsell, 305 F.2d 221, of the Ninth Circuit, or under Steinhort v. Commissioner of Internal Revenue, 335 F.2d 496, of the Fifth Circuit.

The court in Steinhort v. Commissioner of Internal Revenue had before it deductions claimed by a ship's pilot who traveled from his home to various docks where he began his duties. The court had previously decided Heuer v. Commissioner of Internal Revenue, 283 F.2d 865 (5th Cir.), and Steinhort was its successor. The travel in Heuer and Steinhort was to various locations in the Houston channel area no less required than in the case at bar, and somewhat remote from residential areas. The pilots in the cited cases would report to a different place from day to day to there begin their work. As a matter of "necessity" they thus could not live "near" their work. The "impossibility" was comparable to that in the taxpayer's situation here. The court there refused to allow the deduction of travel cost.

The taxpayer urges that we should follow the Ninth Circuit in Wright v. Hartsell, 305 F.2d 221. There the taxpayer worked in a remote AEC site covering a large land area and far from any community, the geography being very similar to that in the case at bar. The court there held that the travel expenses to the site were deductible, and the cited decision cannot be effectually distinguished on any factual basis, but the Ninth Circuit in the subsequent case of Smith v. Warren, 388 F.2d 671, has in our opinion weakened the authority of the Hartsell case.

Smith v. Warren was another ship's pilot case where the court decided that the expenses were not deductible. Assignments of taxpayer there could start at a different place each time and considerable travel was required for him to arrive at the waterfront location where he was needed. The Commissioner had refused to allow deductions claimed under section 162(a) for travel from taxpayer's residence to and from the Seattle waterfront generally on the ground these were personal expenses—commuting expenses. The Ninth Circuit agreed with the Commissioner that these expenses were "commuting" expenses. The court said the case could not be distinguished from Heuer v. Commissioner of Internal Revenue and Steinhort v. Commissioner of Internal Revenue. The court did not refer to any "necessary" travel and indicated that the taxpayer lived where he did by preference as do other commuters. The court in Smith v. Warren did not discuss or cite its prior case of Wright v. Hartsell, and instead based its decision on the Fifth Circuit cases. This however appears to be a departure from Wright v. Hartsell as the same principles are involved.

■ The more persuasive authority would, in the case before us, place the expenses of the taxpayer in getting to the work site and returning to the place of residence in the personal expense category. There is no convincing way to distinguish these expenses from those of the suburban commuter. As the Supreme Court said in United States v. Correll, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537, any rule in this area must make some rather arbitrary distinctions. The nature of the work engaged in, the distance traveled, the mode of transportation, the degree of "necessity" appear to be unsatisfactory guides with any degree of consistency and certainty. The basic and unmodified fact of whether the taxpayer is going to the place where he begins work or is returning from the place where he ceases work should be determinative. Such travels are expenses within section 262 as "personal, living or family expenses" whether in an urban, suburban, or rural setting. They are not ordinary business expenses under section 162(a). Thus the travel of

the taxpayer here to and from his office at the Thiokol plant site was not deductible under section 162(a) nor under section 162(a) (2). Travel from place to place at work is not here involved.

The case is reversed with directions to deny the relief sought by the plaintiff below.