Oscar L. Tucker v. Commissioner.
Tucker v. Commissioner
Docket No. 6434-69.
United States Tax Court
T.C. Memo 1972-52; 1972 Tax Ct. Memo LEXIS 207; 31 T.C.M. (CCH) 215; T.C.M. (RIA) 72052; February 24, 1972, Filed James D. Ward, 44-221C Jackson St., Indio, Calif., for the petitioner. Earl Goldhammer, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: Respondent determined a deficiency in income tax of petitioner for 1966 in the amount of $484.90. The issue to be decided is whether petitioner is entitled to deduct an adjustment for travel expenses claimed as an employee business expense for 1966. If that adjustment is not allowable, as determined by respondent, then the *208 resulting increase in petitioner's adjusted gross income also requires an adjustment in the medical expense deduction claimed in that year, also as determined by respondent. Findings of Fact Some of the facts have been stipulated and the stipulation, together with the one exhibit attached thereto, are incorporated herein by this reference. When petitioner filed his petition in this case he was a legal resident of Indio, California. He filed his 1966 income tax return with the district director of internal revenue at Los Angeles, California. During 1966, and for several years prior thereto, petitioner was regularly and steadily employed by Kaiser Steel Company at a mine operated by it at Eagle Mountain, California, working from five to seven days a week. In 1966 he lived with his family at Thermal, California, approximately six miles south of Indio, California. The distance between Indio and Eagle Mountain by highway is stipulated to be approximately 60 miles, and the distance from petitioner's home to Eagle Mountain was between 65 and 70 miles. Eagle Mountain is in a remote desert area of California and Indio, California is the closest community to the mine in which employees *209 of Kaiser at Eagle Mountain may expect to find available housing. Kaiser does maintain some housing for its employees at Eagle Mountain but it is inadequate to provide living quarters for all of them, and petitioner was unable to obtain a house there in 1966. After waiting out his turn on a list of applicants for several years, he finally obtained enough seniority as a Kaiser employee to obtain a house at Eagle Mountain in November of 1969; at time of trial, two years later, he was still living there. In 1966, on each working day, petitioner drove from his home in Thermal to the mine at Eagle Mountain and after work he drove back home at night. In his 1966 income tax return petitioner claimed $2,852 as an employee business expense adjustment to income, and in a deduction schedule attached to the return the following details appear: 264 [Days] at 130 mi. at 10" 34.320 mi. Indio-Eagle Mtn. 15,000 mi. at 10"
$1,500
19,320 mi. at 7" 1,352
3 - Emp. Bus. Exp. Trans
$2,852
In computing his deduction for drugs and medical expenses he based the allowable expenses upon total income of $6,662, 216 the reported amount after the claimed adjustment for travel *210 of $2,852 had been made. Total income reported before that adjustment consisted of wages of $9,514. In the statutory notice of deficiency respondent determined the deficiency of $484.90 for 1966 mentioned above based upon adjustments and explanations as shown in the report of examination, a copy of which was furnished to petitioner on August 15, 1969; the report was attached to the petition filed herein and reflected disallowance of travel expenses of $2,852 claimed on the 1966 return, with the following explanation: Cost of commuting between your residence and any business location within the area of your principal place of employment is not deductible. As to the medical expense deduction adjustment, the deficiency notice allowed only $1,016.92 of the total of $1,131 claimed, explaining that it had been adjusted because of the changes made in petitioner's adjusted gross income. Petitioner does not dispute that such an adjustment would be required if the travel expense disallowance is sustained. Ultimate Finding of Fact The traveling expenses in question were personal commuting expenses and not deductible business expenses. Opinion Petitioner recognizes that the expenses *211 in question were for commuting, but relies on Wright v. Hartsell, 305 F. 2d 221 (C.A. 9, 1962), as establishing an exception to the general rule that commuting expenses are nondeductible personal expenses under section 262 of the 1954 Internal Revenue Code. [1] Citing other cases involving temporary work sites and the transportation of tools, petitioner urges that the basis for exceptions to the general rule disallowing the deduction of traveling expenses incurred in going to and returning from work, is that the expenses of commuting in such cases were motivated by the exigencies of business rather than by the personal conveniences and necessities of the traveler. He relies on Commissioner v. Flowers, 326 U.S. 465 (1946). Petitioner concludes that there should be a distinction made between the daily travel of a suburban commuter, who travels a relatively short distance to and from work each day, and a laborer who travels a long way to a remote work site. He submits that the facts of this case bring it within the rule of Wright v. Hartsell, supra, and distinguish it from the more recent cases relied on by respondent, Sanders v. Commissioner, 439 F. 2d 296 *212 (C.A. 9, 1971), affirming 52 T.C. 964 (1969), certiorari denied 404 U.S. 864 (1971); United States v. Tauferner, 407 F. 2d 243 (C.A. 10, 1969) and Smith v. Warren, 388 F. 2d 671 (C.A. 9, 1968).
The respondent, also citing Commissioner v. Flowers, supra, and Smith v. Warren, supra, as authority for the general rule that commuting expenses are nondeductible personal expenses, argues that the remote area exception carved out by Wright v. Hartsell, supra, has been undermined by subsequent decisions, and that the Sanders and Tauferner opinions, supra, govern this case. Under those cases he contends that the expenses incurred by this petitioner in going back and forth between his home and his place of regular employment are clearly personal commutation expenses, nondeductible under section 262 and not business traveling expenses which are allowable as deductions under section 162. We agree with respondent. This case is indistinguishable in principle *213 from the Sanders case, supra, and petitioner has not convinced us otherwise. As a recital of the facts in our opinion in Sanders reflects, 52 T.C. at 968, the several petitioners in that case traveled each way from home to work, and vice versa, distances ranging from 11 to 57 miles. Also, in the Tauferner case, supra, on which respondent relies, the petitioner traveled 27 miles each way to and from work in a remote desert area. In United States v. Tauferner, supra, the taxpayer urged that his expenses were necessary because of the exigencies of his employer's business and not for his convenience or preference. As such he urged that they were ordinary and necessary business expenses and travel expenses away from home under section 162(a)(2). After first disposing of the argument that they were away from home travel expenses, because United States v. Correll, 389 U.S. 299 (1967) dictates that a taxpayer is not "away from home" unless 217 his trip requires sleep or rest, the court held that they were not deductible under section 162(a) as ordinary and necessary business expenses but were rather personal expenses, nondeductible under section *214 262. The court said: (407 F. 2d at 246) The nature of the work engaged in, the distance traveled, the mode of transportation, the degree of "necessity" appear to be unsatisfactory guides with any degree of consistency and certainty. The basic and unmodified fact of whether the taxpayer is going to the place where he begins work or is returning from the place where he ceases work should be determinative. * * * We followed and relied upon the Tauferner case in our opinion in Raymond A. Sanders, 52 T.C. 964, 970 (1969), pointing out that the cases under consideration there, did not involve situations which have been held to establish exceptions to the general rule denying deduction of commuting expenses. As in the instant case, all that was involved in Sanders was travel of a permanent employee going back and forth between his home and his work site. We need not repeat here what was detailed in Raymond A. Sanders, supra, it being sufficient to state that a similar conclusion disallowing the claimed expenses, as business expenses deductible under section 162, must be reached on the record before us in this case. In affirming Sanders, the Court *215 of Appeals for the Ninth Circuit specifically recognized that the authority of Wright v. Hartsell, supra, had been undermined by subsequent authority and weakened by their opinion in Smith v. Warren, 388 F. 2d 671 (C.A. 9, 1968). Sanders v. Commissioner, supra at 298-299. In following and relying on Smith v. Warren, supra and United States v. Tauferner, supra, the Court of Appeals in Sanders rejected the proposition that "necessity" could serve "as a principled basis of an exception to the general rule that commuting expenses are nondeductible personal expenses." We must reject the same argument made by petitioner here. We conclude and hold that the daily expenses incurred by petitioner in this case, in going to his regular job at Eagle Mountain and returning therefrom at the end of the day to his home in Thermal, were personal commuting costs as determined by respondent, nondeductible under section 262. They were not employee business expenses as claimed by petitioner, either under section 162(a)(2) as "away from home" traveling expenses, United States v. Correll, supra, or under 162(a) as ordinary and *216 necessary business expenses. The respondent's determination must be sustained in all respects. Decision will be entered for the respondent. Footnotes
1. All subsequent references herein to sections of the Internal Revenue Code are to the 1954 Internal Revenue Code↩ unless otherwise indicated.