GARY DURWOOD PILCHER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pilcher v. Commissioner
Docket No. 11423-77.
United States Tax Court
T.C. Memo 1979-278; 1979 Tax Ct. Memo LEXIS 249; 38 T.C.M. (CCH) 1089; T.C.M. (RIA) 79278; July 24, 1979, Filed Grant M. Prisbrey, for the petitioner. Thomas N. Thompson, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies of $2,313.48 and $1,608.27 in petitioner's Federal income taxes for 1974 and 1975, respectively. Other issues having been conceded, the sole issue remaining for determination in each tax year is whether petitioner is entitled to deduct under section 162 (a) [1] expenses he incurred traveling between his residence *250 and place of employment. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner, Gary D. Pilcher, resided in Salt Lake City, Utah, at the time of filing his petition. His primary residence between 1971 and 1979 was Salt Lake City. Petitioner is a pipefitter; he has been a pipefitter for approximately 25 years. Although petitioner specialized in fiberglass pipefitting, he was also proficient in other areas and had served as the foreman of pipefitting crews. In 1974 and 1975 he was so employed by Stevens-Doran, Inc. The jobsite at which petitioner worked during the years in question was named Rowley, Utah. Rowley was not a town, but was rather a large construction project of National Lead Industries being built to extract magnesium and other minerals from the brine of the Great Salt Lake. This extensive project had been ongoing since 1970 and was still incomplete as late as 1979. Because of the size and nature of the project, at least some construction work was expected to be available continuously. Pipefitters were needed *251 among the two to three hundred men employed at Rowley in 1974 and 1975. Petitioner first worked at the Rowley project in 1970 or 1971, being then employed by the Ralph M. Parsons Company. After a few months he was laid off, and his next job was in North Salt Lake. In late 1973, petitioner resumed working at Rowley, this time employed by Stevens-Doran, Inc. He worked for Stevens-Doran until the company's contract with National Lead Industries was terminated in February 1976.Another firm soon replaced Stevens-Doran, however, and petitioner was able to stay on at Rowley until early 1978. Every day he worked at Rowley, petitioner drove there and back from Salt Lake City. Salt Lake City is 67 miles from the Rowley construction project. There were no living facilities at Rowley, and attempts by workers at the plant to camp out in the surrounding desert were consistently rebuffed by the local authorities. Housing in the area was extremely scarce if it existed at all. Because of Rowley's remote location, petitioner was unable to find housing any closer than Salt Lake City. In 1974, petitioner made 263 round trips between the Rowley plant and Salt Lake City. In 1975, he made *252 232 trips. On petitioner's 1974 Federal income tax return he claimed a deduction of $4,614 for "away from home expenses." On his 1975 return he claimed automobile expenses of $4,140 as employee business expenses. Both these amounts were disallowed by respondent in his statutory notice. [2]
OPINION We must decide whether petitioner is entitled to deduct expenses for daily travel between his residence and his place of employment. Petitioner argues two theories on behalf of his position. The first is that the remoteness of the Rowley project from available habitation made his expenses ordinary and necessary in the course of his employment. The second is that because his position at Rowley was only temporary, these expenses are allowed by section 162(a) (2) as traveling expenses. Section 162(a) (2) permits the deduction of "traveling expenses * * * while away from home." It is well settled that "away from home" includes only overnight trips or trips on which a stop for sleep or rest is required. United States v. Correll, 389 U.S. 299 (1967)."Away from home" does not include commuting expenses. *253 Sec. 1.162-2(e), Income Tax Regs. Commuting expenses are personal expenses, the deduction of which is disallowed by section 262. Commissioner v. Flowers,326 U.S. 465 (1946); Sullivan v. Commissioner, 1 B.T.A. 93 (1924); sec. 1.262-1 (b) (5), Income Tax Regs.
However, petitioner argues the remoteness of the Rowley jobsite distinguishes his situation from that of the average commuter. He asserts that because there was no available housing at Rowley or in the surrounding area and because Utah's harsh desert environment forced him to reside 67 miles from work, in Salt Lake City, the principles stated in Wright v. Hartsell, 305 F.2d 221 (9th Cir. 1962), permit him to deduct his travel expenses as "ordinary and necessary". [3] See also Mathews v. Commissioner, 310 F.2d 98 (9th Cir. 1962); Crowther v. Commissioner, 269 F.2d 292 (9th Cir. 1959). *254 In Wright v. Hartsell, the Court of Appeals for the Ninth Circuit held the taxpayer could deduct the costs of daily travel to work to the extent of that part of the trip between his uninhabitable jobsite, an Atomic Energy Commission research facility in the remote desert, and the closest habitable community 46 miles away. The court reasoned "exigencies of business rather than * * * personal conveniences and necessities," 305 F.2d at 224, quoting Commissioner v. Flowers,supra at 474, forced the taxpayer to commute long distances. While Wright v. Hartsell would appear to support petitioner's position, subsequent decisions of the Supreme Court have significantly undermined Hartsell's approach. United States v. Correll, supra; Commissioner v. Stidger, 386 U.S. 287 (1967). Further, the Court of Appeals for the Tenth Circuit and this Court have expressly rejected Hartsell's authority. United States v. Tauferner, 407 F.2d 243 (10th Cir. 1969); Coombs v. Commissioner, 67 T.C. 426 (1976), on appeal (9th Cir., Feb. 14, 1977). Indeed, in subsequent cases the Court *255 of Appeals for the Ninth Circuit has indicated it will no longer follow its decision in Hartsell. Edmerson v. United States, 72-2 USTC par. 9702, 30 AFTR2d 72-5444 (9th Cir. 1972); Sanders v. Commissioner,439 F.2d 296 (9th Cir.), cert. denied 404 U.S. 864 (1971), affg. 52 T.C. 964 (1969); see Smith v. Warren, 388 F.2d 671 (9th Cir. 1968). In short, there is no "remoteness exception" to the rule that commuting expenses are personal and not deductible. Sec. 262. Neither section 262 nor section 162(a) distinguishes between the various agencies; such as military regulations, the dangers of the jobsite, extreme aridity, harsh urban environments, or traffic; which may force commuters to travel long or arduously to and from work. [4] We thus hold that the remote location of petitioner's job cannot be a basis for deducting what are essentially commuting expenses. *256 Petitioner also argues that because his employment was temporary, he comes within an administrative exception to the "away from home" rule. As in other recent cases before this Court, respondent has conceded that a taxpayer whose job requires him to temporarily travel outside of his primary work area, or "tax home," may deduct travel expenses even if he returns home each evening. [5]
To prevail, petitioner must show that his intent and reasonable expectation was that his employment would last for only a limited and definite period of time. Commissioner v. Peurifoy, 254 F.2d 483 (4th Cir. 1957), affd. per curiam 358 U.S. 59 (1958); McCallister v. Commissioner, 70 T.C. 505 (1978). The facts in the record do not support petitioner's contention. Petitioner *257 first worked at Rowley in 1970 or 1971. When he returned to the jobsite in 1973 he must have been aware that, because of the size and nature of the project, large numbers of construction workers and certainly pipefitters of petitioner's proficiency would be needed for the foreseeable future. See Norwood v. Commissioner, 66 T.C. 467, 469 (1976); Sue v. United States, 78-1 USTC par. 9373, 41 AFTR2d 78-1410 (D.C. Nev. 1978). In this connection, petitioner worked for at least three different employers during his various tenures at Rowley, and his employment with Stevens-Doran was continuous from 1973 to 1976. Based on the entire record, we cannot find that in 1974 and 1975 petitioner reasonably believed that he would be working at Rowley for other than an indefinite and substantial period of time. We hold that petitioner's employment during these years was not temporary. In the final analysis, petitioner is a commuter, and his automobile expenses simply are not deductible. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Respondent does not challenge the amounts of these expenses.↩
3. While Wright v. Hartsell, 305 F.2d 221 (9th Cir. 1962), allowed an "away from home" deduction for daily travel to a remote jobsite under sec. 162(a) (2), subsequent taxpayers have argued that its rationale is based on the "ordinary and necessary expenses" language of sec. 162(a). See Sanders v. Commissioner, 439 F.2d 296, 298-299 (9th Cir.), cert. denied 404 U.S. 864 (1971); United States v. Tauferner,407 F.2d 243, 245 (10th Cir. 1969); Turner v. Commissioner, 56 T.C. 27↩ (1971), vacated and remanded on respondent's motion by unpublished order (2d Cir., Mar. 21, 1972).
4. Sanders v. Commissioner, supra (military regulations kept taxpayers from living on base with family; held, no deduction for commuting), affg. 52 T.C. 964 (1969); United States v. Tauferner,supra (taxpayer unable to live near rocket fuel plant); Edmerson v. United States, 72-2 USTC par. 9702, 30 AFTR2d 72-5444 (9th Cir. 1972) (no remoteness exception where taxpayer worked 70 miles from a habitable community); Coombs v. Commissioner, 67 T.C. 426↩ (1976) (nuclear test facility in remote desert).
5. McCallister v. Commissioner, 70 T.C. 505, 508 (1978); Norwood v. Commissioner, 66 T.C. 467, 469 (1976); see "Your Federal Income Tax," I.R.S. Pub. No. 17, at 71 (1975 ed.) In light of respondent's concession, we need not state how we would view this issue were it before us. See generally Turner v. Commissioner, supra↩.