STEVEN P. AND HELEN R. ALEXANDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alexander v. Commissioner
Docket No. 8785-77.
United States Tax Court
T.C. Memo 1979-436; 1979 Tax Ct. Memo LEXIS 89; 39 T.C.M. (CCH) 410; T.C.M. (RIA) 79436; October 25, 1979, Filed Steven P. Alexander, pro se. George Mac Vogelei, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, as amended, and General Order No. 6 of this Court, 69 T.C. XV (1976). [1] The *90 Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency of $313.44 in petitioners' 1973 federal income tax. The sole issue for decision is whether, upon the unique facts of this case, petitioners are allowed under section 162(a) [2] to deduct a portion of the costs of petitioner Steven P. Alexander's automobile transportation between their place of abode and his principal place of employment. A medical expense deduction adjustment made by the notice of deficiency turns solely on our resolution of the transportation expense issue. FINDINGS OF FACT Some of the facts have been stipulated, and they are so found. Petitioners, husband and wife, resided at Citrus Heights, California, at the time they filed their petition herein. They filed their joint federal income *91 tax return for the year at issue with the Internal Revenue Service in Los Angeles, California. Petitioner Steven P. Alexander [3] was employed by the State of California Frachise Tax Board. In 1972, he was transferred from Oakland to an office in Van Nuys. He sold his home in Pleasanton and bought a house in Simi Valley, 26 miles from the Van Nuys office, but the closest place to the office in Van Nuys where he felt that he could afford to buy a home. For financial reasons, he planned to sell one of his two cars and to commute by riding with one or another of three employees at the Van Nuys office. After his assignment to Van Nuys, petitioner was appointed a narcotics assessment specialist in addition to his normal duties as a tax representative. He was previously able to discharge his duties in the conduct of the State's business by telephone and correspondence from the office to which he was assigned. In order to fulfill his narcotics assessment responsibilities, *92 however, he had to use his own automobile to transport himself during normal duty hours from his office to various police and sheriff's departments within a 50 to 60 mile radius and, in the evening and night hours, from his home to such departments. Accordingly, he did not sell one of his cars and transported himself between his home and work in one of his cars. The State reimbursed petitioner for the expenses of operating his automobile to and from the various police stations, whether he drove from the office or from his home.He was not reimbursed for the expenses of traveling between his home and the office in Van Nuys and it is those expenses, alone, which are in issue here. On his 1973 federal income tax return, petitioner deducted an amount equal to the cost of operating his automobile between his home and the Van Nuys office (determined under the standard mileage rate provided in Rev. Proc. 70-25, 1970-2 C.B. 506) less what he would have paid to ride with a co-worker. Respondent disallowed the deduction, determining it to reflect commuting expense, a nondeductible personal expense under section 262. OPINION Petitioner was an employee engaged, when he *93 was at work, in carrying on the trade or business of a tax representative for the State of California Franchise Tax Board. See, e.g., Jordan v. Commissioner,60 T.C. 770 (1973); Primuth v. Commissioner,54 T.C. 374 (1970); cf. United States v. Generes,405 U.S. 93 (1972). The record here leaves no doubt but that the expenses he incurred in transporting himself between the office in Van Nuys to which he was assigned and various police and sheriffs' offices were ordinary and necessary, within the meaning of those terms as used in section 162(a), in the performance of petitioner's narcotics assessment duties. See Welch v. Helvering,290 U.S. 111 (1933): The circumstances in, and the means and manner by which those expenses were incurred demonstrate unambiguously that they were dictated by the exigencies of his employer's business, cf. Commissioner v. Flowers,326 U.S. 465, rehearing denied 326 U.S. 812 (1946), and the need successfully to perform his assignments. Those expenditures were clearly necessary and appropriate to the accomplishment of those ends. Accordingly, respondent does *94 not challenge them. As for his transportation from his home in Simi Valley to the various police and sheriffs' departments, however, it is not so clear that they were dictated by the exigencies of his employer's business. Everyone goes from home to work at some time, often at odd hours, and that is a function of our personal lives. It has been referred to, for want of a better expression, as an "inherently personal" expense, see Teil v. Commissioner, 72 T.C.     (No. 74, August 22, 1979), but that is merely to say that it is done as private persons on our way to commence and returning home after completing our trades and businesses, not as trades people and business people in the course of carrying on our trades and businesses. Nevertheless, respondent does not challenge those expenses here, either. We assume this is because of his rule permitting the deduction of transportation expenses incurred between taxpayers' homes and places of temporary assignment. See Rev. Rul. 190, 1953-2 C.B. 303. But, as for the transportation expenses which are in issue -- those incurred by petitioner between his home and his principal place of business -- there is no doubt *95 as to their nondeductibility, and we must hold for respondent. As petitioner correctly points out, each case is unique on its narrow and limited facts. Nevertheless, the outcome of each such case must be determined on the basis of principles of general applicability developed in previous cases. A system of deciding each case regardless of doctrine approved in earlier cases would be chaotic. Indeed, it would be n system at all. The rule is long and well established in tax law that taxpayers' expenses incurred on getting from their residences to their usual places of business are not deductible as ordinary and necessary expenses, Commissioner v. Flowers,supra;Sullivan v. Commissioner,1 B.T.A. 93 (1924), even if it is essential to the pursuit of their business activities that they have their cars with them at work. The rule applies whether the taxpayer is an electrocardiograph operator on 24-hour call, Marot v. Commissioner,36 T.C. 238 (1961), a physician and surgeon or an anesthesiologist on emergency call, Sapp v. Commissioner,36 T.C. 852 (1961), affd. per curiam 309 F.2d 143 (5th Cir. 1962); *96 Sheldon v. Commissioner,50 T.C. 24 (1968), or a boat pilot who drives between various docks during the course of an assignment and from one assignment to another during the day, Heuer v. Commissioner,32 T.C. 947 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960). We cannot adopt a different rule for petitioner here.The expenses of his travel between his home and his place of work are nondeductible commuting expenses. We are not unmindful of the circumstances here which established the necessity for petitioner to drive his car to and from work. Arguments based upon one necessity or another for particular transportation between taxpayers' homes and their places of work have been advanced in a numerousity of cases. See, e.g., Sanders v. Commissioner,52 T.C. 964 (1969), affd. 439 F.2d 296 (9th Cir.), cert. denied 404 U.S. 864 (1971); Heuer v. Commissioner,supra;Anderson v. Commissioner,60 T.C. 834 (1973). The issue seems to have been most authoritatively -- if not finally -- put to rest in United States v. Tauferner,407 F.2d 243 *97 (10th Cir.), cert. denied 396 U.S. 824 (1969). There, the Tenth Circuit pointed out that "necessity" may arise in an infinite variety of situations and "has gradations from the absolute out in all directions to 'advisable,' to 'preferred,' or to 'convenient.'" Thus, "necessity," the court concluded, is an unsatisfactory guide in reaching any degree of consistency and certainty in commuting cases. "The basic and unmodified fact of whether the taxpayer is going to the place where he begins work or is returning from the place where he ceases work should be determinative." 407 F.2d at 246. As the Fifth Circuit stated in Steinhort v. Commissioner,335 F.2d 496, 503 (5th Cir. 1964), affg. on this issue a Memorandum Opinion of this Court: At times the pursuit of this approach brings about illogical and near absurd conceptual situations. But its predominant and redeeming grace is a sort of rough equality among all the millions of taxpaying, income-earning Americans who go -- not as in scriptual days down to the sea in ships -- but who go to and from their homes and their place of work. A lesser virtue is administrative uniformity. Petitioner *98 would have us find that he had two duty stations -- one at the Franchise Tax Board office in Van Nuys and one at home -- and that the expense of transportation between hem is therefore deductible as transportation between two places of employment. We are unwilling to find that his home was a place of employment. As far as the record here shows, petitioner's only business activity at his home was his receipt there of evening and night calls to go to a police or sheriff's department. The taxpayer in Heuer,supra, made a similar argument which we found unmeritorious in comparable circumstances. In any event, if petitioner's home did constitute a place of business, it was clearly a secondary place of business and we have held that transportation between one's primary place of business and a secondary place of business in his home is nondeductible. Mazzotta v. Commissioner,57 T.C. 427 (1971), affd. per curiam 465 F.2d 1399, 467 F.2d 943 (2d Cir. 1972). We adhere to that holding here. Petitioner also argues, relying upon Fausner v. Commissioner,413 U.S. 838 (per curiam), rehearing denied 414 U.S. 882 (1973) *99 and Rev. Rul. 63-100 (1963-1 C.B. 34), that his automobile was a tool which he was required to furnish in order to conduct his employer's business and that the cost of its transportation with him from home to work should be deductible. Nothing in Fausner or Rev. Rul. 63-100 would warrant the adoption of such an argument to negate the principle followed in the line of cases denying a deduction for commuting expenses. * * *
In accordance with the foregoing, Decision will be entered for the respondent.
Footnotes
1. Pursuant to General Order No. 6, the post-trial procedures set forth in Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable to this case.
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. Inasmuch as Helen R. Alexander is a party to this proceeding solely because she filed a joint return with her husband, for convenience we will hereinafter refer to Steven P. Alexander as the petitioner.↩