Donald R. KASUN and Joyce J. Kasun, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 79–C–925.

United States District Court, E. D. Wisconsin.

March 30, 1981.

Donald P. Kasun and Joyce Kasun, pro se.

Joseph P. Stadtmueller, U. S. Atty., Milwaukee, Wis., Nancy Morgan, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs, proceeding pro se, seek to recover $1042.46, which represents a portion of the taxes they paid for the years 1972 and 1973 after the commissioner of internal revenue disallowed a deduction claimed for certain travel expenses. The issue before me is whether the Kasuns are entitled to claim a deduction for travel expenses incurred by Mr. Kasun during 1972 and 1973 in driving 110 miles per day to and from his place of work. The parties have filed cross motions for summary judgment.

During the years in question, Mr. Kasun was an asbestos worker and a member of Asbestos Workers Local 19, based in Milwaukee, Wisconsin. In late 1971, Mr. Kasun was laid off because of a shortage of work within the jurisdiction of Local 19, but he obtained employment outside the jurisdiction of Local 19 with a company building a nuclear generating plant at Zion, Illinois. The jobsite at Zion was fifty-five miles from Mr. Kasun's home, and it fell within the jurisdiction of a different local, No. 17. Mr. Kasun was paid a per diem travel allowance of $3.50, which was a flat rate established in the company's contract with Local 17. The allowance was included in Mr. Kasun's income and reported on the latter's W–2 form.

When Mr. Kasun signed on at Zion, the nuclear plant was several years away from completion. However, it is undisputed that Mr. Kasun intended to stay only until work became available in his own jurisdiction and he was called back by his own local union. In fact, under the by-laws of Local 19, an absent member must return and accept work when it becomes available or be fined and possibly expelled from membership. It is also undisputed that Mr. Kasun had no idea when he would be able to return to his home area at the time he commenced work in Zion; as it turned out, he worked at Zion for twenty months, at which time he was again able to obtain work within the jurisdiction of Local 19.

At first blush, it seems that there is nothing to distinguish this case from the usual suburban commuter situation. In each instance, the taxpayer incurs possibly substantial travel expenses getting from home to work and back again. There is no question that such expenses are not deductible. *See Commissioner of Internal Revenue v. Flowers*, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (1946); *Sanders v. Commissioner*, 439 F.2d 296 (9th Cir.), *cert. denied*, 404 U.S. 864, 92 S.Ct. 55, 30 L.Ed.2d 108 (1971); *United States v. Tauferner*, 407 F.2d 243 (10th Cir.), *cert. denied*, 396 U.S. 824, 90 S.Ct. 66, 24 L.Ed.2d 74 (1969).

However, an exception to the commuter rule has developed which permits a deduction for travel expenses where the commute is longer than usual and is to a temporary place of work—temporary as contrasted with indefinite or indeterminate.

"The temporary or indefinite test serves . . . to discern whether transportation expenses were incurred for a business purpose rather than a personal one. . . . Where a taxpayer reasonably expects to be employed in a location for a substantial or indefinite period of time, the reasonable inference is that his choice of residence is a personal decision, unrelated to any business necessity. Thus, it is irrelevant how far he travels to work. The normal expectation, however, is that the taxpayer will choose to live near his place of employment. Consequently, when a taxpayer reasonably expects to be employed in a location for only a short or temporary period of time and travels a considerable distance to the location from his residence, it is unreasonable to assume that his choice of a residence is dictated by personal convenience. The reasonable inference is that he is temporarily making these travels because of a business necessity." *Frederick v. United States*,

603 F.2d 1292, 1294–95 (8th Cir. 1979) (citations omitted).

The parties agree that the solution to the problem presented in this case depends on whether Mr. Kasun's work at Zion was temporary or indefinite; the plaintiffs prevail if the work is characterized as temporary, and the government prevails if the work is characterized as indefinite.

Although the development of the law in this area has not been even, there were some earlier decisions which generally support the taxpayers' position in this case. *See, e. g., Steinhort v. Commissioner,* 335 F.2d 496 (5th Cir. 1964); *Wright v. Hartsell,* 305 F.2d 221 (9th Cir. 1962); *Crowther v. Commissioner,* 269 F.2d 292 (9th Cir. 1959); *Coburn v. Commissioner,* 138 F.2d 763 (2d Cir. 1943). *But see Cockrell v. Commissioner,* 321 F.2d 504 (8th Cir. 1963). While the earlier cases seem quite favorable to the taxpayer in allowing the type of deduction claimed by the Kasuns, I believe that such cases are factually distinguishable from the case at bar. In *Wright v. Hartsell, supra,* 305 F.2d at 225, the court of appeals was impressed by the fact that the work area was "unfit[ ] . . . for civilized habitation," which rendered it necessary for the taxpayer to live a distance away from the jobsite. In *Crowther v. Commissioner, supra,* 269 F.2d at 298–99, the court stressed that the taxpayer performed work at seven different jobsites in a two year period and that the length of time spent at each site was determined by the taxpayer's employer, not the taxpayer. To the extent *Steinhort v. Commissioner, supra,* is helpful to the Kasuns, its precedential authority has been seriously eroded by subsequent decisions. *See, e. g., Smith v. Warren,* 388 F.2d 671 (9th Cir. 1968) (per curiam).

Although it is not an unbroken one, the line of decisions adverse to the Kasuns' position began with *Commissioner v. Peurifoy,* 254 F.2d 483 (4th Cir. 1957), *aff'd,* 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958). In *Peurifoy,* the court of appeals held that construction workers who regularly accepted employment some distance away from their homes and who failed to demonstrate that such employment was not of indefinite duration could not deduct their travel expenses. The court of appeals stated that "it is essential that the employment away from the established tax home shall be temporary in contemplation at the time of its acceptance and not indeterminate in fact as it develops." *Id.* at 486. Without elaboration, the Supreme Court affirmed the decision of the court of appeals on the ground that the latter court had "made a fair assessment of the record." 358 U.S. at 61, 79 S.Ct. at 106.

In *United States v. Tauferner,* 407 F.2d 243 (10th Cir. 1969), the court of appeals held that the taxpayer's travel expenses were not deductible even though the taxpayer was forced to live some distance from the worksite because of circumstances beyond his control:

"The taxpayer here presents a strong argument for the deduction by reason of the undisputed fact that his office was at a remote place because of the nature of the plant's product, that he was not permitted to live at the plant site, and that the nearest community was some twenty miles away. . . . [However,] there is no convincing way to distinguish these expenses from those of the suburban commuter. . . . The nature of the work engaged in, the distance traveled, the mode of transportation, the degree of 'necessity' appear to be unsatisfactory guides with any degree of consistency and certainty. The basic and unmodified fact of whether the taxpayer is going to the place where he begins work or is returning from the place where he ceases work should be determinative." *Id.* at 245–46.

In a case very similar to the case at bar, *Boone v. United States,* 482 F.2d 417 (5th Cir. 1973), the court of appeals overturned a jury verdict in the taxpayer's favor. The court noted that the taxpayer had accepted work eighty miles from his home because there was no work closer to home and that the taxpayer commuted this distance for fifteen or sixteen months. Stressing the following undisputed facts, the court of ap-

peals ruled that no jury question was presented: the employment "was of such a nature that it could be terminated at any time;" the taxpayer "had no way of knowing how long it would last when he was hired;" the taxpayer "was actually employed for over 15 months, well over the one-year 'usual line of demarcation between temporary and non-temporary employment;'" the taxpayer did not wish to move his residence for the convenience of his family; and the taxpayer accepted a promotion within three months after his initial employment. *Id.* at 420 (citations omitted).

In *Babeaux v. Commissioner*, 601 F.2d 730 (4th Cir. 1979), the court of appeals relied on its earlier decision in *Peurifoy, supra,* and denied deductions for travel and maintenance expenses incurred by construction workers employed at nuclear power plant construction sites for periods ranging from nineteen to thirty-two months. The court reiterated its earlier holding in *Peurifoy* that travel expenses are "not deductible when the employment is of substantial or indefinite duration." *Id.* at 731.

Applying the above authorities to the uncontested material facts in this case, I am persuaded that Mr. Kasun's employment at the Zion nuclear project cannot be characterized as temporary but must rather be treated as indefinite. As in *Boone v. United States, supra,* when Mr. Kasun commenced employment at Zion, he had no way of knowing how long he would continue there. The employment could be terminated at any time, and the employment continued for a substantial period of time. Also, like the taxpayer in *Boone,* Mr. Kasun was forced to seek employment some distance away from his home because of an absence of work closer to home.

Although Mr. Kasun is not in the same position as the taxpayers in *Peurifoy,* who regularly worked at jobsites well removed from their homes, I do not believe that this factor affords a sufficient basis for distinguishing the usual rule that commuter expenses, those incurred when driving from home to work and back again, are not deductible. *See Commissioner v. Flowers, su-*

*pra,* 326 U.S. at 473, 66 S.Ct. at 253; *United States v. Tauferner, supra,* 407 F.2d at 246. Moreover, this case is similar to *Peurifoy* and *Babeaux* in that Mr. Kasun's employment at Zion was of a substantial, indefinite duration, and Mr. Kasun has failed to demonstrate that his employment was "temporary in contemplation at the time of its acceptance and not indeterminate in fact as it develop[ed]." 254 F.2d at 486.

*Frederick v. United States, supra,* 603 F.2d 1292, does not support the Kasuns' claimed deduction because in that case the facts clearly indicated that the employment was seasonal for a substantial although unknown number of the workers, and because actual construction of the project, an antiballistic missile site, "depended on the progress of the Strategic Arms Limitation Talks." *Id.* at 1296. In addition, *Coombs v. Commissioner,* 608 F.2d 1269 (9th Cir. 1979), lends more support to the government's position than to the Kasuns'. In *Coombs,* the taxpayers were permitted to deduct expenses for meals and lodging when it was "necessary" for them to stay overnight near the jobsite because they lived a substantial distance away and because the employer required them to work overtime. However, the court began its analysis with the following observation:

> "We start from the premise, recognized by the taxpayers . . ., that the transportation expenses ordinarily incurred by them, at least between their personal residence . . . and the entrance to the Test Site at Camp Mercury, are commuting expenses which are not deductible." 608 F.2d at 1272 (citations omitted).

In their brief, the plaintiffs have emphasized the particular problems confronted by construction workers. However, these arguments were rejected in *Peurifoy, see* 358 U.S. at 62, 79 S.Ct. at 106 (Douglas, J., dissenting), and I believe the arguments are better directed to Congress rather than to the courts. *See United States v. Correll,* 389 U.S. 299, 306–07, 88 S.Ct. 445, 449–450, 19 L.Ed.2d 537 (1967). For the foregoing reasons, I find that Mr. Kasun's employment at Zion was indefinite and that there

is nothing in this record which satisfactorily distinguishes Mr. Kasun's travel expenses from those incurred by the ordinary commuter.

Therefore, IT IS ORDERED that the motion of the plaintiffs for summary judgment be and hereby is denied.

IT IS ALSO ORDERED that the motion of the government for summary judgment be and hereby is granted.

IT IS FURTHER ORDERED that the complaint and this action be and hereby are dismissed.