DENNIS M. JOUETT and JOAN E. JOUETT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jouett v. Commissioner
Docket No. 14412-80.
United States Tax Court
T.C. Memo 1982-99; 1982 Tax Ct. Memo LEXIS 643; 43 T.C.M. (CCH) 664; T.C.M. (RIA) 82099; February 25, 1982. *643 Held, the amount of petitioner's deductible transportation expenses determined. Joseph H. Thibodeau,Rick Budd, and Peter C. Guthery, for the petitioners. Ronald J. Gardner, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $ 240 in petitioners' 1977 Federal income tax. The sole issue for decision *644 is whether petitioners are entitled to a claimed transportation expense deduction under section 162(a). [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Dennis M. Jouett and Joan E. Jouett (hereinafter petitioner), husband and wife, resided in Arvada, Colorado, when they filed their petition in this case. During 1977, petitioner was a reading teacher in charge of the Reading Department at Golden Senior High School (hereinafter GHS), a public school. Petitioner's work at GHS was evenly divided between helping students who had severe reading difficulties and showing other teachers how to incorporate reading skills in their lessons. Petitioner's job at GHS provided her with Saturdays and Sundays off and a 10-week summer vacation. Petitioner received her teaching salary in 12 monthly installments and her job also provided her with certain health benefits throughout the year. Throughout 1977, petitioner had an office at GHS where she could do some of her work as well as store her reading and reference materials. Petitioner used her office mostly *645 on week-days during the GHS academic year, and occasionally on Saturdays and during the summer. Petitioner possessed a Type A teaching certificate which was issued by Colorado's Department of Education. Petitioner's teaching certificate had to be renewed every 5 years or else it would expire. Under Colorado law, petitioner could renew her teaching certificate by completing within the 5-year period from the date her certificate was issued, 6 semester hours of higher education which maintain or improve her teaching skills. During 1977, petitioner attended educational courses in order to renew her teaching certificate which would otherwise expire on August 28, 1978. If petitioner did not renew her certificate, she would lose her job at GHS when the certificate expired. The educational courses which petitioner attended were offered by the Reading Department of the University of Colorado at Boulder (hereinafter the University). She also attended a college-level psychology course offered at the Marriott Hotel (hereinafter Marriott) in Denver, Colorado. The University offered courses during the fall and spring semesters and during the summer. During the fall and spring semesters, *646 petitioner attended the University's classes on 2 nights each week after work and on 13 saturdays. Petitioner earned a total of 16 semester hours of credit during the fall and spring semesters. During the summer session, petitioner attended courses 5 or 6 times each week and earned credit for 9 semester hours. The course that petitioner attended at the Marriott was given during 2 weekends (Saturdays and Sundays) in October. This weekend course was not offered by an institution of higher education, but is was being taught under the direction of a professor from the University of Northern Colorado. All of these courses improved petitioner's teaching skills, and the University courses also satisfied Colorado's recertification requirements. On the two days each week that petitioner would work at GHS and attend evening classes, she would drive from her residence to GHS in the morning, go directly from GHS to the University in the evening, and go directly home from the University after classes. During the University's summer session, as well as on the Saturdays that petitioner attended the University, she generally drove directly from her home to the University and returned home *647 after classes. During the two weekends that petitioner attended the psychology course at the Marriott, she drove from her home directly to the Marriott and returned home each evening. Petitioner's residence is 9 miles northeast of GHS and 22 miles southeast of the University of Colorado. The University of Colorado is 23 miles north of GHS. The Marriott is 25 miles southeast of petitioner's home. On their 1977 return, petitioners claimed a deduction of $ 2,099 for petitioner's educational expenses, consisting of $ 994 paid for tuition and books, and $ 1,105 paid for automobile transportation to and from the University and Marriott to attend courses. In the notice of deficiency, respondent allowed the deduction for tuition and books, but disallowed the deduction for transportation expenses (except the portion that was attributable to transportation from GHS to the University) on the grounds that such expenses were personal. OPINION We must determine the extent to which petitioner is entitled to deduct under section 162(a) transportation expenses incurred to attend educational courses. [2]
*648 Both petitioner and respondent agree with the general principle that commuting costs constitute personal expenses and, therefore, are not deductible. Sec. 262; sec. 1,262-1(b)(5), Income Tax Regs. Thus, petitioner has not claimed any deductions for her transportation directly between her home and GHS. Moreover, both parties agree that petitioner can deduct the transportation expenses incurred when she drove from GHS to the University. Petitioner and respondent disagree on the extent to which transportation costs are deductible when petitioner drove directly between her residence and the University or Marriott. Petitioner argues that (1) on days that she did not work at GHS but attended the educational courses, she can deduct all of her transportation expenses; (2) on the days that she worked at GHS and also attended the University, she can deduct the cost of driving a total of 36 miles, computed as follows: 54 miles (total distance from petitioner's residence to GHS, from GHS to the University, and from the University to petitioner's residence) less 18 miles (roundtrip distance between petitioner's residence and GHS). Respondent, on the other hand, maintains that no portion *649 of such transportation expenses in excess of those incurred when she drove from GHS to the University is deductible under section 162(a). For the reasons set forth below, we agree with and hold for respondent. Petitioner attended the educational courses to improve her skills and to satisfy Colorado's recertification requirements. Consequently, petitioner's educational expenditures for tuition and books were properly deductible under section 162(a). Sec. 1.162-5(a), Income Tax Regs. Petitioner's transportation expenses, however, can only be deductible to the extent that they were incurred due to the "exigencies of business, rather than the personal conveniences and necessities of the traveller." Commissioner v. Flowers,326 U.S. 465, 474 (1946). In Zimmerman v. Commissioner,71 T.C. 367, 370 (1978), affd. without published opinion 614 F. 2d 1294 (2d Cir. 1979), we held that a taxpayer could not deduct transportation expenses incurred in commuting between her residence and the site of educational courses. [3] In that case, we held that expenditures regularly incurred in traveling between one's residence and the site of educational *650 courses are personal and nondeductible commuting expenses, "regardless of * * * the distance traveled, or the mode of transportation utilized." Zimmerman v. Commissioner,supra at 370. See United States v. Tauferner,407 F. 2d 243 (10th Cir. 1969), cert. denied 396 U.S. 824 (1969); Sanders v. Commissioner,439 F. 2d 296 (9th Cir. 1971); Heuer v. Commissioner,32 T.C. 947 (1959), affd. per curiam 283 F. 2d 865 (5th Cir. 1960); sec. 1.262-1(b)(5), Income Tax Regs. Although a taxpayer may not derive personal satisfaction by commuting to and from his residence, it is well established that commuting costs represent nondeductible personal expenses. Sec. 1.162-2(e), sec. 1.262-1(b)(5), Income Tax Regs. See also Commissioner v. Flowers,supra at 470; United States v. Tauferner,supra.We also noted in Zimmerman v. Commissioner,supra at 370, that the taxpayer's transportation expenses, "[u]nlike her other educational expenses [i.e. tuition, fees, and books], * * * were not essential to improvement or maintenance of her skills * *651 * *." Sec. 1.162-5(a), Income Tax Regs. Consequently, we conclude that the expenses petitioner incurred in driving between her residence and the University or Marriott are personal and nondeductible under section 262. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. At the outset we note that neither party has framed the issue as to whether the University and Marriott were temporary places of employment located beyond the area of petitioner's primary business location so as to qualify her transportation expenses within the principles contained in such cases as McCallister v. Commissioner,70 T.C. 505 (1978), and Norwood v. Commissioner,66 T.C. 467 (1976). But compare Turner v. Commissioner,56 T.C. 27 (1971), vacated and remanded on respondent's motion by unpublished order (2d Cir. Mar. 21, 1972). Accordingly, we will not consider that issue. See Zimmerman v. Commissioner,71 T.C. 367, 369, n. 2 (1978), affd. without published opinion 614 F. 2d 1294↩ (2d Cir. 1979).
3. See also Smith v. Commissioner,T.C. Memo. 1981-149; Bird v. Commissioner,T.C. Memo. 1980-156↩.