GREGORY KOUROUKLIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kourouklis v. Commissioner
Docket No. 13330-84.
United States Tax Court
T.C. Memo 1986-68; 1986 Tax Ct. Memo LEXIS 541; 51 T.C.M. (CCH) 471; T.C.M. (RIA) 86068; February 12, 1986; As Amended *541 Petitioner, who had to switch from carpooling to use of his own car to get to and from his place of employment, in order to put his minor children on school buses in the mornings, may not deduct the different in the cost of his transportation as child care expense. Gregory Kourouklis, pro se. Richard F. Stein, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in the amount of $298.58 in petitioner's Federal income tax for the taxable year 1981. The issue for decision is whether additional transportation expenses incurred by petitioner in commuting to work individually in his own car rather than participating in a car pool are includable in the computation of a credit under section 44A, Internal Revenue Code, effective for the year 1981. [1]
Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. To facilitate our disposition of this case, we will combine our findings of fact and opinion. Gregory Kourouklis (petitioner), resided in Fredericksburg, *543 Virginia at the time he filed his petition in this case. He filed a timely individual Federal income tax return for the taxable year 1981 with the Internal Revenue Service Center in Memphis, Tennessee. During 1981, petitioner was employed as an engineer for the U.S. Navy at the Naval Surface Weapons Center in Dahlgreen, Virginia. Prior to 1981 petitioner travelled to and from his job site in a car pool. Petitioner had separated from him wife in 1976 and was later divorced. Petitioner had legal custody their three childreen, Stacy Charles, 14, Catherine Elizabeth, 12, and James Duncan, 8. [2] The children caught a bus to school everyday between 8:00 a.m. and 8:30 a.m. They returned home around 3:30 p.m. The children were cared for in petitioner's home by Dee Duncan (Ms. Duncan), a family friend. Ms. Duncan did not accept payment for her services. However, petitioner did provide her with a room and with her meals. On his 1981 return, petitioner included as part of his credit under section 44A the expense he incurred for Ms. Duncan's meals. Respondent did not contest this adjustment. *544 Sometime in 1981, Ms. Duncan decided to move to Michigan and therefore ceased to care for the children. Petitioner sought to hire someone to care for the children in the early mornings from 6:30 a.m. to 8:30 a.m., after he left with his car pool for work, and in the afternoon from 3:30 p.m. to 5:30 p.m., until he returned home. He checked with the Virginia Employment Commission and with Mary Washington College but was unable to find anyone to care for the children during that time. He therefore decided to give up his care pool and to commute individually in order to be at home in the morning to care for his children. In the evenings the oldest child, Stacy Charles, was to care for the younger two children and petitioner asked the neighbors to keep an eye on the children in case of an emergency. Petitioner then included on his tax return for 1981 the additional costs he incurred for commuting individually above the cost he would have incurred for his car pool in his credit under section 44A. Respondent disallowed this portion of the credit. We must determine whether the additional transportation costs incurred by petitioner are includable in the computation of a credit under *545 section 44A. [3]
Petitioner contends that the additional expense he incurred in commuting individually to his place of employment rather than with a car pool is includable under section 44A. He argues that the expense was incurred for child care purposes since he chose to commute individually in order to be home in the mornings to care for his children. He further contends that respondent acted inconsistently by allowing a credit for the "increase in his grocery bill" as a result of providing meals for Ms. Duncan but not allowing a credit for the "additional expense created by the family car." It is respondent's position that the expenses incurred by petitioner in commuting to and from work were a nondeductible, personal expense. Respondent contends that nowhere in section 44A is there any language from which one could infer that commuting expenses can be viewed as "employment-related expenses" for purposes of a tax credit. Therefore, respondent concludes that his determination, denying the credit, should be sustained. *546 Section 44A allows a credit for expenses incurred for household and dependent care services necessary for gainful employment.The credit allowed is a certain percentage of the "employment-related expenses" paid during the taxable year. Section 44A(c)(2) provides that: The term "employment-related expenses" means amounts paid for the following expenses, but only if such expenses are incurred to enable the taxpayer to be gainfully employed for any period for which there are 1 or more qualifying individuals with respect to the taxpayer: (i) expenses for household services, and (ii) expenses for the care of a qualifying individual. Section 1.44A-1(c)(1), Income Tax Regs, explains that expenses are considered to be employment-related expenses only if they are incurred to enable the taxpayer to be gainfully employed and are paid for household services or for the care of one or more qualifying individuals.
Section 262 provides that no deduction is allowed for personal, living, or family expenses unless expressly provided in the Code. Nowhere in section 44A is there a deduction or a credit for personal commuting expenses. Commuting expenses have long been viewed as an expense *547 that is both personal and nondeductible. Sec. 1.162-2(e) and sec. 1.262-1(b)(5), Income Tax Regs. See Commissioner v. Flowers,326 U.S. 465 (1946). Tax deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). Despite the fact that petitioner deemed it necessary for him to commute individually, the increased cost he incurred is not allowed as a credit. Courts have on several occasions held that the degree of necessity attached to one's commuting is not a controlling factor. See, e.g., United States v. Tauferner,407 F. 2d 243 (10th Cir. 1969). [4]
Petitioner asserts that his situation is controlled by Grayson v. Commissioner,T.C. Memo. 1977-304. In Grayson, a taxpayer was allowed a deduction for his costs incurred in traveling *548 to his place of employment. Respondent therein conceded that if the taxpayer would have travelled to work using transportation other than his automobile he would be entitled to the deduction he claimed. The taxpayer testified that but for the fact that he had to carry tools to work he would have used public transportation. The court therefore, and in light of respondent's concession, viewed the costs as a deductible expense pursuant to Fausner v. Commissioner,413 U.S. 838 (1973). Petitioner herein commutes individually for personal reasons (albeit honorable ones); he wants to be at home early in the morning to care for his children. Therefore petitioner's additional transportation expenses incurred to commute individually are not allowed as a credit under section 44A. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the taxable years at issue. Section 44A↩ was redesignated as Section 21(a) by Pub.L. 98-369, 98 Stat. 826, effective for years beginning after December 31, 1983.
2. The ages reflected are the approximate ages of the children in 1981, the taxable year at issue, as determined from petitioner's testimony.↩
3. Sec. 44A↩ was amended by sec. 124 of Pub. L. 97-34, 95 Stat. 172, 197, Aug. 13, 1981, effective for the taxable years beginning after Dec. 31, 1981.
4. See also Brown v. Commissioner,T.C. Memo. 1983-726↩, where a taxpayer was denied a deduction under section 162 for his commuting costs. He was unable to purchase a house near his job due to racial discrimination by area residents. So he purchased a home seventeen miles away and sought to deduct his expenses to commute.