439 F.2d 296
 Raymond A. SANDERS and Vadna M. Sanders, Raymond Degn, Kevin O. Blackwell and Geraldine M. Blackwell, Paul J. Lowery and Virginia Lowery, Charles G. Boyd, Jr., and Mary A. Boyd, Frank J. Barry and Dorothy A. Barry, Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
 No. 25236.
 United States Court of Appeals, Ninth Circuit.
 March 3, 1971.
 
 Gordon S. Gilman, Atty., Dept. of Justice (argued), Johnnie Walters, Asst. Atty. Gen., K. Martin Worthy, Chief Counsel, Washington, D. C., for appellee.
 George Bouchard (argued), Laguna Hills, Cal., for appellants.
 Before CHAMBERS, CARTER and WRIGHT, Circuit Judges.
 JAMES M. CARTER, Circuit Judge.
 
 
 1
 Taxpayers appeal from the decision of the Tax Court[1] upholding the Commissioner's determination that their automobile expenses are commuting expenses which are not deductible under § 162 of the Internal Revenue Code of 1954. Their appeal raises the issue of whether taxpayers who commute by automobile between their residences and permanent places of employment are entitled to deduct, under § 162, automobile expenses attributable to travel between their work-sites and the closest habitable communities. We agree with the decision of the Tax Court that such expenses are not deductible.
 
 
 2
 Taxpayers (the husbands above and Degn, a single man) are civilian employees of contractors with work-sites on Vandenberg Air Force Base, located in Southern California. Since only military personnel can live on the base, taxpayers live in communities surrounding it. Since there is no other available means of transportation, they drive their own automobiles from home to work. No allowance for the expense of doing so is made by their employers. Their pay begins when they reach their work-sites.
 
 
 3
 On their federal income tax return for 1965, taxpayers deducted their automobile expenses for travel each workday between their work-sites on the base and Lompoc, California, the nearest habitable community. The Commissioner disallowed the deductions on the ground that the expenses were personal commuting expenses and not ordinary and necessary business expenses. The cases were consolidated before the Tax Court, which upheld the determination, holding that the expenses were commuting expenses, which are not deductible under § 162. This consolidated appeal followed.
 
 
 4
 A taxpayer's cost of commuting or driving to work is not a deductible business expense under § 162[2] but rather is a non-deductible personal expenses under § 262.[3] Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S. Ct. 250, 90 L.Ed. 203 (1946); Smith v. Warren (9 Cir. 1968) 388 F.2d 671; Treas.Regs. § 1.62-1(g);[4] § 1.162-2(e);[5] § 1.262-1(b) (5).[6] Taxpayers contend that the decisions of this court in Crowther v. Commissioner of Internal Revenue (9 Cir. 1959) 269 F.2d 292, Wright v. Hartsell (9 Cir. 1962) 305 F.2d 221, and Mathews v. Commissioner of Internal Revenue (9 Cir. 1962) 310 F.2d 98, compel us to recognize an exception for their expenses in commuting by automobile between their work-sites and the nearest inhabitable community because the expenses were necessary due to the base housing rules and the absence of alternative means of transportation. We believe that these cases do not compel this result because they are factually distinguishable and their controlling principles have been undermined by subsequent decisions.
 
 
 5
 In Crowther v. Commissioner of Internal Revenue, supra, we held that the automobile expenses of a logger in travelling daily to various log sites were deductible under the predecessor of § 162 (a) (2) because the work locations were temporary and the taxpayer was required to carry tools to be repaired, back and forth with him. In the substantially identical case of Mathews v. Commissioner of Internal Revenue, supra, we again held automobile expenses incurred in travelling to a temporary work-site were deductible, concluding that the result in Crowther did not depend on the fact that the taxpayer was required to carry tools. These cases are distinguishable from the one before us in which the employment is permanent. Both cases involved temporary work-sites and application of an exception to the general rule, recognized in Peurifoy v. Commissioner of Internal Revenue, 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958), for employment that is temporary as contrasted with indefinite or indeterminate.
 
 
 6
 In Wright v. Hartsell, supra, we held that a construction worker living in Pocatello, Idaho was entitled to deduct, under § 162(a) (2), automobile expenses incurred in travelling to and from his work at an Atomic Energy Commission site in a remote part of Idaho. One of the taxpayer's four jobs on the site over the two year period in question was found by the district court to be temporary, and the others were found to be of indefinite duration. We approved a deduction of the entire automobile expense arising from the temporary job and a deduction of the automobile expenses connected with the jobs of indefinite duration limited to the cost of driving from the nearest habitable community to the site. We concluded that "a taxpayer's inability to live near his job site is a valid ground for deduction as travel expense of the resulting cost of his transportation, food and lodging." 305 F.2d at 225. This proposition need not be applied here because, in addition to the importance the temporary nature of the taxpayer's employment assumed in Wright v. Hartsell, 305 F.2d at 224 n. 1, that case has been undermined by subsequent authority.
 
 
 7
 First, the deduction in Wright v. Hartsell, supra, was based on § 162(a) (2), which makes deductible "traveling expenses * * * while away from home in the pursuit of a trade or business." Subsequent to the decision, the Supreme Court in United States v. Correll, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967) upheld the Commissioner's construction of travel "away from home" to exclude trips requiring neither sleep nor rest. Thus, the expenses incurred on the daily trips in the case before us can no longer be deductible under § 162 (a) (2), and a deduction, if any, must come under § 162(a).[7]
 
 
 8
 Second, we agree with the conclusion reached in United States v. Tauferner (10 Cir. 1969) 407 F.2d 243, 246, cert. den. 396 U.S. 824, 90 S.Ct. 66, 24 L.Ed. 2d 74 (1969), that the authority of Wright v. Hartsell, supra, has been weakened by our decision in Smith v. Warren, supra, where we denied a deduction under § 162(a) to a ship pilot for expenses incurred in travelling between his home and the piers at which he worked on the Seattle waterfront. We held the expenses were commuting costs, relying on Steinhort v. Commissioner of Internal Revenue (5 Cir. 1964) 335 F.2d 496, and Heuer v. Commissioner of Internal Revenue (5 Cir. 1960) 283 F.2d 865. These Fifth Circuit cases held that the expenses of ship pilots in getting by automobile to and from their residences and the first and last jobs of the day were nondeductible commuting expenses despite the fact the taxpayers could not eliminate the necessity of travel because there was no public transportation and their jobs were widely scattered at inaccessible locations.
 
 
 9
 Smith v. Warren, supra, impliedly rejected necessity as a principled basis of an exception to the general rule that commuting expenses are nondeductible personal expenses. We reaffirm that rejection for the reasons stated in United States v. Tauferner, supra, where a deduction under § 162(a) was denied a taxpayer who travelled daily between his residence and the remote chemical plant at which he worked despite the fact he was not permitted to live near the plant because of dangers associated with its product. The Court said:
 
 
 10
 "There is no convincing way to distinguish these expenses from those of the suburban commuter. As the Supreme Court said in United States v. Correll, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537, any rule in this area must make some rather arbitrary distinctions. The nature of the work engaged in, the distance traveled, the mode of transportation, the degree of `necessity' appear to be unsatisfactory guides with any degree of consistency and certainty. The basic and unmodified fact of whether the taxpayer is going to the place where he begins work or is returning from the place where he ceases work should be determinative. Such travels are expenses within section 262 as `personal, living or family expenses' whether in an urban, suburban, or rural setting. They are not ordinary business expenses under section 162(a)." 407 F. 2d at 246.
 
 
 11
 We think the Tax Court succinctly summed up the matter in stating,
 
 
 12
 "There is no convincing way to distinguish the expenses here from those of suburban commuters. Petitioner's hardships are no different than those confronting the many taxpayers who cannot find suitable housing close to their urban place of employment and must daily commute to work. We see no reason why petitioners in the case at bar should receive more favored tax treatment than their urban counterparts who also cannot live near their worksites. * * *
 
 
 13
 * * * * * *
 
 
 14
 "The holding of the Ninth Circuit in Smith v. Warren, supra, together with the comments of the Tenth Circuit in United States v. Tauferner, supra, adequately disposes of petitioners' reliance on Mathews v. Commissioner of Internal Revenue, 310 F.2d 98 (C.A. 9, 1962); Wright v. Hartsell, 305 F.2d 221 (C.A.9, 1962); and Crowther v. Commissioner of Internal Revenue, 269 F.2d 292 (C.A.9, 1959), all of which were decided before the Supreme Court decision in United States v. Correll, supra."
 
 
 15
 The judgment of the Tax Court is affirmed.
 
 
 
 Notes:
 
 
 [1]
 The decision of the Tax Court is reported at 52 T.C. No. 104
 
 
 [2]
 Sec. 162. Trade or Business Expenses
 (a) In General. — There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including —
 * * * * *
 (2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business. (26 U.S.C. 162)
 
 
 [3]
 Sec. 262. Personal, Living and Family Expenses. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. (26 U.S.C. 262)
 
 
 [4]
 § 1.62-1(g) * * *
 Transportation expenses do not include the cost of commuting to and from work; this cost constitutes a personal, living or family expense and is not deductible.
 
 
 [5]
 § 1.162-2(e)
 Commuters' fares are not considered as business expenses and are not deductible.
 
 
 [6]
 § 1.262-1(b) (5) * * * The taxpayer's costs of commuting to his place of business or employment are personal expenses and do not qualify as deductible expenses * * *
 
 
 [7]
 A second possible basis for this conclusion is that home is the taxpayer's principal place of business rather than his residence. See Commissioner of Internal Revenue v. Stidger, 386 U.S. 287, 87 S.Ct. 1065, 18 L.Ed.2d 53 (1967) and Wills v. Commissioner of Internal Revenue (9 Cir. 1969) 411 F.2d 537, 540