John W. Hill, Jr., and Lolita E. Hill v. Commissioner.
Hill v. Commissioner
Docket No. 4242-71.
United States Tax Court
T.C. Memo 1972-7; 1972 Tax Ct. Memo LEXIS 251; 31 T.C.M. (CCH) 14; T.C.M. (RIA) 72007; January 10, 1972, Filed John W. Hill, Jr. and Lolita E. Hill, pro se, Route 1, Box 77, Rainier, Ore.Lee A. Kamp, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency in the petitioners' Federal income tax for the taxable year 1969 in the amount of $653.16. The only issue for decision is whether petitioners are entitled to deduct automobile expenses incurred in traveling to and from work daily as ordinary and necessary business expenses under section 162(a). [1]
*252 Findings of Fact Some of the facts have been stipulated. The stipulation of facts, together with the exhibit attached thereto, is incorporated herein by this reference. Petitioners, John W. Hill, Jr., and Lolita E. Hill, husband and wife, resided in Rainier, Oregon, at the time of filing the petition herein. They filed their joint Federal income tax return for the year 1969 with the Western Service Center, Ogden, Utah. Lolita Hill is a party hereto only by reason of having filed such return. All references herein to petitioner shall be deemed to refer to John W. Hill, Jr. Petitioner is an electrician and a member of the Los Angeles, California, electrician's union. In 1966, petitioner moved his family from Topanga, California, to Rainier, Oregon, because of lack of construction work in southern California. Commencing in 1967, petitioner worked as a "traveler" (nonlocal member) out of the Longview, Washington, electrician's union. During 1968 and 1969, electrician jobs became so scarce in the Longview, Washington, area that petitioner found it necessary to work as a "traveler" out of the Portland, Oregon, electrician's union. Petitioner attempted to sell his house in Rainier *253 but was unable to do so. Had he been able to sell the house, he would have had the necessary funds to buy a home in Portland and he would have then moved his family to Portland. During the year in issue, petitioner incurred automobile expenses in making daily trips between his residence in Rainier, Oregon, and various construction sites in 15 Portland, Oregon, a distance of approximately 50 miles. On his 1969 income tax return, petitioner deducted the amount of $2,391 in connection with the aforementioned trips. Although we sympathize with petitioner, who was forced by economic pressures into maintaining his home at a place different from that where he carried on his trade or business, it is clear that the costs of operating petitioner's automobile are nondeductible commuting expenses. Sanders v. Commissioner, 439 F. 2d 296 (C.A. 9, 1971), affirming 52 T.C. 964 (1969); Smith v. Warren, 388 F. 2d 671 (C.A. 9, 1968); William B. Turner, 56 T.C. 27, 32-33 (1971), on appeal (C.A. 2, Sept. 10, 1971). See also section 1.162-2(e) and section 1.262-1(b)(5), Income Tax Regs.
In Sanders v. Commissioner, supra, the disallowance *254 of automobile expenses incurred by the taxpayer, in travelling between his home in the nearest habitable community and his place of work, was sustained. In so holding, the Ninth Circuit Court of Appeals stated (439 F. 2d at 299): We think the Tax Court succinctly summed up the matter in stating, "There is no convincing way to distinguish the expenses here from those of suburban commuters. Petitioner's hardships are no different than those confronting the many taxpayers who cannot find suitable housing close to their urban place of employment and must daily commute to work. We see no reason why petitioners in the case at bar should receive more favored tax treatment than their urban counterparts who also cannot live near their worksites. * * * In the instant case, it was at least possible for the petitioner to have lived in Portland, albeit he was precluded from doing so because of the economic circumstances in which he found himself. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, unless otherwise specified.↩