WARREN G. WATKINS and LILLIE B. WATKINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Watkins v. Commissioner
Docket No. 9973-76.
United States Tax Court
T.C. Memo 1979-270; 1979 Tax Ct. Memo LEXIS 252; 38 T.C.M. (CCH) 1062; T.C.M. (RIA) 79270; July 23, 1979, Filed Alan R. Harter, for the petitioners. John Franklin, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined deficiencies in the Federal income taxes of the petitioners as follows: Year Ended
Deficiency
1971 $ 390.80
1972
2,113.42
1973
2,521.79
*253 After concessions, the only issues presented for our decision are: (1) Whether the trust established for the benefit of of petitioners' son should be ignored so as to allow petitioners to deduct losses from the operation of the trust property. (2) Whether petitioners are entitled to deduct expenses incurred in traveling between the residence and the place of employment. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Warren G. Watkins and Lillie B. Watkins, husband and wife, filed joint Federal income tax returns for the taxable years 1971, 1972 and 1973 with the Director of Internal Revenue, Ogden, Utah. At the time of the filing of the petition herein, petitioners resided in North Las Vegas, Nevada. In 1959 petitioner Lillie B. Watkins (then Lillie Payton) had a son, Levell Dennis Payton (hereinafter Levell), who was injured at birth. Because of the injury petitioner instituted a malpractice suit on behalf of Levell against the doctor who made the delivery. As a result of a court approved settlement of that case, petitioner received *254 an aggregate settlement of $26,250.00, including attorney's fees of $6,562.50. Thus, the net amount available for the use and benefit of Levell was $19,687.50. On or about March 4, 1961, petitioner Lillie (Payton) Watkins created an irrevocable trust for the benefit of Levell naming herself as trustee. The trust was funded with the proceeds from the aforementioned malpractice action. On or about April 7, 1961, petitioner Lillie Watkins, in her capacity as trustee for Levell, purchased rental property located at 418-422 West Washington Avenue, Las Vegas, Nevada (hereinafter Payton Apartments). A portion of the settlement proceeds from the aforementioned malpractice action were used to make the down payment on this property. From the time the Payton Apartments were acquired in 1961 until 1971, title was recorded in the name of Lillie Payton, Trustee for Levell Dennis. In 1971 petitioner Lillie Watkins as trustee executed and recorded a quitclaim deed to the property to herself as Lillian Watkins, Trustee. Since the time of the acquisition of the Payton Apartments in 1961, petitioner Lillie Watkins has executed numerous documents pertaining to the property in her capacity *255 as trustee for Levell. On or about June 2, 1972, petitioner Lillie Watkins acquired by gift certain rental property located at 911 E Street, Las Vegas, Nevada (hereinafter the E Street property). Although the income and expenses of Payton Apartments and the E Street property were somewhat commingled the respondent segregated the income and expenses relating to the Payton Apartments for the purpose of computing the deficiencies asserted herein. There is no dispute with respect to the manner in which the items of income and expense were segregated. Petitioners claimed net losses resulting from the operating of the Payton Apartments on their joint Federal income tax returns for 1971, 1972 and 1973 in the respective amounts of $1,095.75, $10,496.50 and $11,898.83. During the years 1971 and 1972 petitioner Warren G. Watkins was employed as a laborer at an area known as the Nevada test site which is located approximately 65 miles north of Las Vegas, Nevada. Throughout 1971 and 1972 he resided with his family in North Las Vegas, Nevada, approximately 70 miles from the entrance to the test site. Petitioner Warren G. Watkins deducted $1,210.00 in the taxable year 1971 and $1,172.50 *256 in the taxable year 1972 as expenses for transportation between his residence and place of employment. OPINION Petitioner Lillie B. Watkins' son Levelle was injured at birth. A malpractice suit was instituted on behalf of Levell against the doctor who made the delivery. The suit resulted in a court approved settlement whereby petitioner Lillie Watkins received, after attorney's fees, the sum of $19,687.50. On or about March 4, 1961, petitioner Lillie Watkins signed a document entitled "Inter Vivos Trust" whereby she assigned to herself as trustee for the benefit of Levell the sum of $19,687.50. In April 1961, petitioner Lillie Watkins acquired the Payton Apartments, making the down payment for this property with funds received in settlement of the aforementioned malpractice action. Petitioners on their joint Federal income tax returns for the taxable years 1971, 1972 and 1973 deducted losses incurred in the operation of the Payton Apartments. Respondent determined that petitioners were not entitled to deduct these losses since the property belonged to a trust which had been established for the benefit of Levell. We agree with the respondent. Here a valid trust was set *257 up for the use and benefit of Levell. Petitioner Lillie Watkins was 19 years of age at the time she executed the trust agreement. Nev. Rev. Stat. sec. 166.040 provides, in relevant part, that a person competent to execute a will may create a spendthrift trust and Nev. Rev. Stat. sec. 133.020 provides that a person over 18 years of age may make a will. A trust is a separate taxable entity, separate from both the grantor and the beneficiaries. See Maximov v. United States,373 U.S. 49, 51 (1963); Krause v. Commissioner,497 F.2d 1109, 1112 (1974). Therefore, petitioners could not avail themselves of the trust's operating losses. The second issue is whether petitioner Warren G. Watkins was entitled to deduct the expenses incurred in traveling between his residence in the Las Vegas, Nevada metropolitan area and his job at an area known as the Nevada test site. Generally, any expenses incurred in traveling to and from one's job location are personal expenses and thus nondeductible under section 262. [1] However, petitioners here argue that because of the unavailability of housing in the proximity *258 of the Nevada test site, we should find their situation to be an exception to the general rule. Although we are sympathetic to petitioners' case, the present case law mandates our upholding of respondent's determination. The facts in Emberton v. United States, 73-2 U.S.T.C. par. 9575, 32 AFTR 2d 73-5460, (D. Nev. 1973), affd. in an unpublished opinion (9th Cir. 1975), are virtually indistinguishable from the facts in the instant case. In Emberton the taxpayer was employed at the Nevada test site by Reynolds Electrical and Engineering Co., Inc. He filed an amended joint income tax return for the taxable year 1970 in which he claimed a deduction for expenses incurred in traveling between his residence in Las Vegas, Nevada, and his place of employment at the Nevada test site. The claimed deduction was disallowed by the Commissioner. Following the decisions in Sanders v. Commissioner,439 F.2d 296 (9th Cir. 1971) and Edmerson v. United States, 72-2 USTC par. 9702, 30 AFTR 2d 72-5444, (9th Cir. 1972), the District *259 Court held that these travel expenses were not deductible business expenses under section 162 but were instead non-deductible personal expenses under section 262. We were also faced with the same situation in Coombs v. Commissioner,67 T.C. 426 (1976), which is presently on appeal to the Ninth Circuit. There, we refused to allow petitioners to deduct their expenses incurred in traveling to and from the Nevada test site. Our opinion in that case precludes allowance of the deductions for petitioners' transportation expenses. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as amended unless otherwise specified.↩