T.C. Memo. 2002-192

UNITED STATES TAX COURT

TERESITA T. DAIZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10462-01.                    Filed August 6, 2002.

Teresita T. Daiz, pro se.

<u>Christian A. Speck</u> and <u>Daniel J. Parent</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WOLFE, <u>Special Trial Judge</u>:  Respondent determined a deficiency of $5,152 in petitioner's 1997 Federal income tax. The issues for decision are whether petitioner is entitled to claimed deductions for:  (1) Automobile expenses incurred in traveling between her residence and various job sites; and (2) certain other unreimbursed employee expenses.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Benicia, California.

### FINDINGS OF FACT

During the year in issue petitioner earned $24 hourly working as a nurse and as a nursing consultant for Pleasant Care Corporation (PCC). Petitioner began working for PCC during the early 1990s. From that time through the year in issue petitioner maintained an apartment in Stockton, California. During her first few years of employment by PCC, petitioner regularly worked in or near Stockton. From approximately March 31, 1996, until 2001, she was assigned to work at various facilities outside of Stockton. In 1997, the year in issue, petitioner was assigned to work at facilities in the following cities:

| Job site | Number of weeks | Round trip mileage from Stockton |
|---|---|---|
| Novato | 9 | 171 |
| Napa | 1 | 141 |
| Bakersfield | 11 | 491 |
| Ukiah | 18 | 337 |
| Yuba City | 10 | 174 |

Petitioner was assured by her supervisor that the assignments would only be temporary and that she would be reassigned to the

facility in Stockton. The supervisor's assurances about the temporary nature of petitioner's assignments during 1997 were accurate. The supervisor's assurances that petitioner would be reassigned to a PCC facility in or near Stockton proved to be false. PCC was expanding by acquiring additional facilities, and, at least partly for this reason, petitioner repeatedly was assigned to work at PCC's facilities in various cities other than Stockton until 2001. Then petitioner gave up her hopes for reassignment to Stockton, told her supervisor that she would not be moved about any longer, and accepted a permanent position at a PCC subsidiary's facility in Vista, California.

Petitioner owned only one vehicle during the year in issue, a 1993 Toyota Corolla. She commuted daily in that vehicle between her apartment in Stockton and the job sites in Novato, Napa, and Yuba City. During the periods that she worked in Bakersfield and Ukiah, she lodged overnight at the residence of a coworker during the week and returned to her apartment in Stockton on the weekends. Although petitioner continued to live in Stockton and seek assignment to a PCC facility in or near Stockton, she did not work at the Stockton facility at any time during the year in issue.

On her 1997 Federal income tax return, petitioner reported total income of $82,085 and itemized deductions of $26,353. She

claimed unreimbursed employee expenses on Schedule A, Itemized

Deductions, as follows:

| | |
|---|---:|
| Continuing education | $250 |
| Books/subscriptions/etc. | 420 |
| Uniforms/maintenance | 1,325 |
| Telephone | 625 |
| Vehicle | 17,190 |
| Total | $19,810 |

She also deducted $192 for telephone expenses and $782 for

uniform/maintenance and $1,588 for car and truck expenses, among

other items, on Schedule C, Profit or Loss From Business.

Petitioner reported total business mileage of 59,610 miles, of

which 5,040 miles were reported on Schedule C.  Petitioner's

income from her work in Bakersfield, unlike her income from her

work at the other locations, was reported as nonemployee

compensation on the Schedule C.

During 1997 petitioner maintained a log of her vehicle's

mileage.  According to the log, her vehicle was driven a total of

48,490 miles between January 16, 1997, the first day of her first

job assignments that year, and December 31, 1997.

The record shows the number of round trips that were made as

well as the mileage between petitioner's apartment in Stockton

and the facilities to which she drove.  The record establishes

that in addition to the undisputed 5,040 business miles that she

drove to and from Bakersfield, petitioner drove 24,598 miles for business purposes during 1997 based on the following figures:

| Job site | Number of round trips | Round trip mileage | Total mileage |
|---|---|---|---|
| Novato | 50 | 171 | 8,550 |
| Napa | 3 | 141 | 423 |
| Ukiah | 19 | 337 | 6,403 |
| Yuba City | 53 | 174 | 9,222 |
| | | | 24,598 |

In the notice of deficiency, respondent disallowed all of the unreimbursed employee expenses that petitioner claimed on her Schedule A. Respondent did not make any adjustments to petitioner's Schedule C.

OPINION

Section 162(a)(2) generally permits a deduction for traveling expenses incurred while away from home in the pursuit of a trade or business. See Commissioner v. Flowers, 326 U.S. 465, 470 (1946). For a taxpayer to be considered "away from home" within the meaning of section 162(a)(2), the taxpayer must be on a trip requiring sleep or rest. United States v. Correll, 389 U.S. 299 (1967).

We have generally defined the word "home" as used in section 162(a)(2) to refer to the vicinity of a taxpayer's principal place of employment and not to the place where the taxpayer's personal residence is located, if that personal residence is different from the principal place of employment. Daly v. Commissioner, 72 T.C. 190, 195 (1979), affd. 662 F.2d 253 (4th

Cir. 1981). An exception is made if the taxpayer's place of employment in another area is temporary as opposed to indefinite; in that case the taxpayer's personal residence may be her tax home. Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958); Mitchell v. Commissioner, T.C. Memo. 1999-283. Similarly, if a taxpayer does not have a principal place of employment, her permanent residence is her tax home for purposes of section 162(a)(2). Johnson v. Commissioner, 115 T.C. 210, 221 (2000).

A place of business is temporary if the employment is such that termination within a short period could be foreseen. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); see Michaels v. Commissioner, 53 T.C. 269 (1969). Conversely, employment is indefinite if termination could not be foreseen within a "reasonably short period". Stricker v. Commissioner, 54 T.C. 355, 361 (1970), affd. 438 F.2d 1216 (6th Cir. 1971). Whether employment is temporary or indefinite is a question of fact. Peurifoy v. Commissioner, supra at 60-61.

In Rev. Rul. 93-86, 1993-2 C.B. 71, 72 the Commissioner ruled that under section 162(a)(2) if employment at a work location is realistically expected to last (and does in fact last) for one year or less, the employment will be treated as temporary in the absence of facts and circumstances indicating otherwise.[1]

_____

[1]Rev. Rul. 94-47, 1994-2 C.B. 18, refers to the definition of a
                                                    (continued...)

In the present case, petitioner's expenses incurred in traveling to Bakersfield and Ukiah required an overnight stay. Those expenses are deductible, if at all, as traveling expenses under section 162(a)(2). Since petitioner's traveling expenses incurred with respect to her work activity in Bakersfield are not at issue, we need only decide whether the expenses petitioner incurred in traveling to Ukiah are deductible. Petitioner worked at six facilities in five cities during 1997. At the time she was assigned to work at the facility in Ukiah in June 1997, she had already worked 9 weeks in Novato, 1 week in Napa, and 11 weeks at two facilities in Bakersfield between January and June of 1997. Her work at Ukiah lasted 18 weeks until she was transferred to Yuba City where she worked during the remaining 10 weeks of 1997. At the time of each assignment, petitioner was assured that it would be temporary and that soon she would be reassigned to the facility in Stockton.

It is clear that petitioner's work at the facility in Ukiah, as well as at the other facilities where she worked in 1997, was temporary, rather than indefinite. Petitioner stayed overnight in Ukiah during the week when she worked there and returned to her apartment in Stockton only on weekends. Accordingly, the

---

[1](...continued)
temporary work location in the context of commuting expenses as "any location at which the taxpayer performs services on an irregular or short-term (i.e., generally a matter of days or weeks) basis". In Rev. Rul. 99-7, 1999-1 C.B. 361, released after the year in issue, the Commissioner reconsidered the definition of temporary work and replaced the description in Rev. Rul. 94-47, supra, with a 1-year standard like that set forth in Rev. Rul. 93-86, 1993-2 C.B. 71.

traveling expenses she incurred on her trips to Ukiah are deductible under section 162(a)(2) to the extent that they can be substantiated.

The expenses of daily commuting, unlike traveling expenses, are not deductible under section 162(a)(2) because they do not meet the sleep or rest requirement of United States v. Correll, supra. See Sanders v. Commissioner, 439 F.2d 296, 298 (9th Cir. 1971), affg. 52 T.C. 964 (1969). Rather, commuting expenses are deductible, if at all, under the "ordinary and necessary expenses" provision of section 162(a). Sanders v. Commissioner, supra. Generally, the expenses of daily commuting are not deductible because they constitute personal expenses under section 262. Fausner v. Commissioner, 413 U.S. 838 (1973); sec. 1.262-1(b)(5), Income Tax Regs. An exception exists for commuting expenses to some jobs that are temporary, as opposed to indefinite, in duration.[2] See, e.g., Frederick v. United States, 603 F.2d 1292 (8th Cir. 1979).

In cases involving a variety of circumstances, this Court and other courts have established and applied the rule that expenses incurred in commuting to a job site are deductible if work at the job site is temporary, but not if it is for an indefinite period. See Ellwein v. United States, 778 F.2d 506, 511 (8th Cir. 1985); Dahood v. United States, 747 F.2d 46, 48

---

[2] As discussed above, the temporary or indefinite test serves a similar function in the sec. 162(a)(2) context. Frederick v. United States, 603 F.2d 1292, 1295 (8th Cir. 1979). The underlying premise in both situations is the idea that a taxpayer's choice of residence is circumscribed by his expected term of employment. Id.

(1st Cir. 1984); <u>Neal v. Commissioner</u>, 681 F.2d 1157, 1158 (9th Cir. 1982), affg. per curiam T.C. Memo. 1981-407; <u>Kasun v. United States</u>, 671 F.2d 1059, 1061 (7th Cir. 1982); <u>Williams v. Commissioner</u>, T.C. Memo. 1990-467; <u>Epperson v. Commissioner</u>, T.C. Memo. 1985-382.

In <u>Epperson</u>, the taxpayer was an ironworker who, during 1981, commuted daily to various job sites from his home in Seffner, Florida:

| Job site | Number of days | Round trip mileage from Seffner |
|---|---|---|
| New Wales | 92 | 44 |
| Palatka | 26 | 300 |
| St. Petersburg | 43 | 30 |
| Crystal River | 37 | 160 |

After finding that all of the jobs were temporary, rather than indefinite, we held that the taxpayer's commuting expenses to the job sites in Palatka and Crystal River were deductible, but his commuting expenses to the job sites in New Wales and St. Petersburg were not deductible because they "were clearly within the general area of the petitioner's residence".  <u>Id.</u>

Other courts have likewise imposed a requirement that for a taxpayer's commuting expenses to be deductible the taxpayer's residence must be distant from the temporary job site.  In <u>Dahood v. United States</u>, <u>supra</u> at 48, the Court of Appeals for the First Circuit explained the rationale for permitting the deduction of commuting expenses to temporary job sites:

> A judicial exception has been carved out of this general rule [that daily commuting expenses are not deductible] to cover instances when people commute long distances to their workplaces for business, rather than

> personal, reasons. This exception permits taxpayers to deduct commuting expenses to a job that is temporary, as opposed to indefinite, in duration. The exception has been deemed necessary because "it is not reasonable to expect people to move to a distant location when a job is foreseeably of limited duration." <u>Implicit in this exception is the requirement that the taxpayer commute to a worksite distant from his or her residence</u>. Without such a requirement, the absurd result would obtain of permitting a taxpayer, who commuted to a succession of temporary jobs, to deduct commuting expenses, no matter how close these jobs were to his residence. [Emphasis added; citations omitted.]

See also <u>Ellwein v. United States</u>, <u>supra</u> at 512 (holding that a taxpayer can deduct commuting expenses to a temporary job site if it is outside the area of the taxpayer's regular abode).

Respondent argues that petitioner's temporary travel to work sites distant from her home in Stockton should be disallowed under the so-called "two-prong test" of Rev. Rul. 94-47, 1994-2 C.B. 18. In that ruling, largely devoted to respondent's explanation of his reasons for refusing to follow this Court's opinion in <u>Walker v. Commissioner</u>, 101 T.C. 537 (1993), respondent stated: "A taxpayer may deduct daily transportation expenses incurred in going between the taxpayer's residence and a <u>temporary</u> work location <u>outside</u> the metropolitan area where the taxpayer lives and normally works."

Petitioner has satisfied the requirements of Rev. Rul. 94-47, 1994-2 C.B. at 19 because of the peculiar circumstances of this case. As we have found, petitioner's employment in issue was temporary. Plainly it was distant from her home in Stockton. For years, including a portion of 1996, petitioner also had been employed in Stockton. Starting in 1996, at least partly because

her employer had acquired new facilities distant from Stockton, petitioner agreed to a series of temporary assignments requiring her to travel substantial distances from Stockton. Her supervisor repeatedly promised her reassignment to a facility in the Stockton area.

Petitioner had established her home near her place of employment and only accepted temporary assignments outside that area on the promise of reassignment within the Stockton area. She had no reason to disbelieve her supervisor during the year in issue. In a later year, when she did cease to believe the promises of her supervisor, she changed her place of employment. Under these circumstances, in our view throughout the year in issue petitioner properly regarded the Stockton vicinity as the metropolitan area where she "lives and normally works". Therefore, even under respondent's own revenue ruling, and the rule advocated by respondent in this case, petitioner correctly deducted transportation expenses incurred in going between Stockton and her temporary work sites at Novato, Napa, and Yuba City to the extent such expenses are substantiated.

Respondent's reliance on Aldea v. Commissioner, T.C. Memo. 2000-136, is unwarranted since the circumstances there were entirely different from the present case. In Aldea, we stated:

> Petitioner has not established any business reason for living in Yuba City; her decision to live there was entirely personal. * * * The record does not indicate that petitioner ever worked in, had the prospect of work in, or had any other business tie to Yuba City. The union hall where petitioner received her job assignments was in Sacramento, which is south of Yuba City, and all of petitioner's work sites were south of Sacramento.

The long commutes in <u>Aldea</u> were for personal reasons and nondeductible; in contrast, the long commutes in this case were for employment reasons and therefore are deductible to the extent they are substantiated.

Section 274(d) imposes stringent substantiation requirements for claimed deductions relating to traveling expenses and to the use of "listed property", which is defined under section 280F(d)(4) to include "any passenger automobile". Under section 274(d), no deduction claimed with respect to the use of a passenger automobile shall be allowed unless the taxpayer substantiates specified elements of the use by adequate records or by sufficient evidence corroborating the taxpayer's own statement. These substantiation requirements supersede the doctrine of <u>Cohan v. Commissioner</u>, 39 F.2d 540 (2d Cir. 1930), under which we may approximate expenses in certain cases where the exact amount cannot be determined. Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

The elements that must be substantiated with respect to deductible expenses for business use of an automobile are: (1) The amount of the expenditures; (2) the mileage for each business use of the automobile and the total mileage for all use of the automobile during the taxable period; (3) the date of the business use; and (4) the business purpose for the use of the

automobile.  Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

To meet the adequate records requirements of section 274(d), a taxpayer must maintain some form of records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use.  Sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  A contemporaneous log is not required, but corroborative evidence to support a taxpayer's reconstruction of the elements of expenditure or use must have "a high degree of probative value to elevate such statement and evidence" to the level of credibility of a contemporaneous record.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

On her 1997 Federal income tax return, petitioner claimed that during 1997 her vehicle was driven 62,730 miles, of which 59,610 were business miles.  On her Schedule A, petitioner reported business mileage of 54,570 miles, and on her Schedule C, she reported business mileage of 5,040 miles.  Her vehicle expenses were computed using the appropriate standard mileage rate for 1997 of 31.5 cents.  See Rev. Proc. 96-63, 1996-2 C.B. 420, 422.

During 1997 petitioner maintained a log of the odometer readings for her vehicle.  The log contains the names of the cities to which petitioner drove.  The log shows that the vehicle

was driven a total of 48,490 miles between January 16, 1997, the first day of her first job assignment that year, and December 31, 1997. Petitioner submitted two vehicle maintenance receipts that showed the odometer readings on October 5, 1997, and January 13, 1998. The odometer readings on the receipts were consistent with petitioner's log.

Although the log apparently accurately reflects petitioner's total mileage for the year, the record does not clearly show what portion of the total miles was driven for business purposes. The mileage in petitioner's log was not recorded precisely. For example, the mileage for any given day was generally identical to the mileage from the day before, and her daily mileage was always rounded to the nearest multiple of ten. Petitioner testified that she often estimated the mileage from the amount of time she spent driving. For example, she admitted that it was not unusual for her to simply equate one hour of driving with a distance of 60 miles.

Although revenue procedures permit taxpayers to use a per-mile estimate of automobile expenses in lieu of documenting actual expenses, taxpayers must still prove the actual business miles driven during the year. See Power v. Commissioner, T.C. Memo. 1990-583. The level of detail required to substantiate the number of business miles driven may vary depending upon the facts and circumstances. Sec. 1.274-5T(c)(2)(ii)(C), Temporary Income

Tax Regs., 50 Fed. Reg. 46018 (Nov. 6, 1985). Where a taxpayer makes regular trips to a certain location, she may satisfy the adequate record requirement by recording the total number of miles driven during the year, the length of the route once, and the date of each trip at or near the time of the trips. Id.

In the present case petitioner has substantiated the number of round trips she made for business purposes between her residence and her temporary work sites and the distance of each round trip. We have found that in addition to the undisputed 5,040 business miles that petitioner drove to Bakersfield, she also drove 24,598 miles to various temporary work sites during 1997. Since petitioner has satisfied the adequate record requirement for this mileage and therefore substantiated this business expenditure, we hold that petitioner is entitled to the claimed deduction to the extent of the substantiated mileage (24,598 miles plus the undisputed 5,040 miles) at the appropriate rate for 1997.

If a taxpayer's otherwise deductible traveling expenses are reimbursed by her employer, the taxpayer is entitled to a deduction only for the amounts in excess of the reimbursements. See Jackson v. Commissioner, T.C. Memo. 1999-226; sec. 1.162-17(b)(3), Income Tax Regs.; sec. 1.274-5T(f)(2)(iii), Temporary Income Tax Regs., 50 Fed. Reg. 46028 (Nov. 6, 1985).

Petitioner admitted that her employer reimbursed her $525 for her vehicle expenses in 1997. Petitioner did not report the

reimbursements on her tax return.  Thus, petitioner's deduction for employee expenses must be adjusted accordingly.

In addition to disallowing petitioner's vehicle expenses, respondent also disallowed all of petitioner's other unreimbursed employee expenses, consisting of continuing education, books/subscriptions, uniforms/maintenance, and telephone expenses.

Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving entitlement to any deduction claimed. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).[3]  A taxpayer is required to maintain records sufficient to enable the Commissioner to determine the correct tax liability.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  We recognize that under certain circumstances, the Court may estimate the amount of a deductible expense.  Cohan v. Commissioner, 39 F.2d at 543-544.  However, in order to estimate the amount of an expense, we must have some basis upon which to make the estimate.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Without such a basis, any allowance would be sheer unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

---

[3] We note that sec. 7491(a) does not affect the burden of proof where a taxpayer fails to substantiate a deduction.  Higbee v. Commissioner, 116 T.C. 438, 443 (2001).

At trial, petitioner did not introduce a single piece of documentary evidence in support of any of the deductions in issue except for her travel expenses.  Likewise, petitioner did not offer testimony in support of any of those deductions.  Because the record contains no evidence upon which we could base an estimate, we must sustain respondent's determinations in regard to unreimbursed employee expenses other than motor vehicle expenses.

To reflect the foregoing,

Decision will be entered under Rule 155.