T.C. Summary Opinion 2018-37

UNITED STATES TAX COURT

DANIEL CAMPBELL AND TERRI CAMPBELL, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23865-15S.                    Filed July 12, 2018.

Daniel Campbell and Terri Campbell, pro sese.

Michael Francis O'Donnell and Ashley Swick (student), for respondent.

SUMMARY OPINION

CARLUZZO, Chief Special Trial Judge:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986 as amended, in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated June 15, 2015 (notice), respondent determined deficiencies in, and penalties with respect to, petitioners' Federal income tax as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|------------|----------------------|
| 2012 | $5,065 | $1,013.00 |
| 2013 | 5,582 | 1,116.40 |

After concessions,[2] the issues for decision for each year are whether petitioners are: (1) entitled to various deductions claimed on a Schedule A, Itemized Deductions, and (2) liable for a section 6662(a) accuracy-related penalty.

---

[2]Respondent concedes that petitioners are entitled to a deduction for union dues for each of the years in issue in an amount that will be reflected in the parties' Rule 155 computations. Petitioners concede all of the remaining adjustments respondent made in the notice except for: (1) the disallowance of the deductions claimed for Mr. Campbell's (petitioner) unreimbursed employee business expenses as described on Forms 2106, Employee Business Expenses; (2) the disallowance of the deductions claimed for petitioner's "[u]niform" cleaning; and (3) the imposition of the sec. 6662(a) accuracy-related penalties.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed and at all times relevant here, petitioners resided in New Lenox, Illinois, within the Chicago, Illinois, metropolitan area.

During the years in issue petitioner was employed by Midwest Fireproofing, LLC (Midwest), to install flame-retardant insulating materials in new buildings and large renovation projects. Midwest's records show the dates, clients, and locations of petitioner's assignments, none of which lasted for more than a few weeks. He was seldom required to be present at any of Midwest's office/business locations. Instead, he routinely worked at various temporary worksites in the Chicago metropolitan area, except for a four-week period in 2012 when he worked in St. Louis, Missouri, and a five-week period in 2013 when he worked in Alton, Illinois (distant worksites).[3]

During the years in issue petitioner owned a half-ton pickup truck that he used to transport himself and whatever tools and equipment were required for an assignment. When working in the Chicago metropolitan area, petitioner drove his

---

[3]According to a September 25, 2014, letter from petitioner's employer: "The majority of * * * [petitioner's] worksite [sic] are located in the Chicagoland area". The distant worksites are located "away" from petitioner's "home" within the meaning of sec. 162(a)(2).

truck between his residence and his then-current worksites. Once a week on his way to a worksite he stopped to pick up materials and/or equipment from a Midwest warehouse. When petitioner worked at a distant worksite, he drove to the worksite at the beginning of the week, stayed at a hotel during the workweek, and returned to his home for the weekend.

While working at the distant worksites petitioner was entitled to and received a $70-per-day travel allowance. Midwest did not otherwise compensate or reimburse petitioner for lodging, meals, or other travel expenses for any of his work assignments. Petitioner did not maintain a mileage log or logs during the years in issue, and he did not retain any receipts that show lodging and meals expenses he paid or incurred while working at the distant worksites.

While working at the various worksites petitioner wore overalls and protective glasses. During the application of the flame-retardant insulating materials to the buildings, petitioner's clothes got covered in a "gypsum and a cementitious product" that required him to use a commercial laundromat to clean them.

A paid income tax return preparer prepared petitioners' 2012 and 2013 Federal income tax returns. On Schedules A attached to the returns petitioners claimed deductions for unreimbursed employee business expenses totaling

$19,218 for 2012 and $20,594 for 2013. The details of the unreimbursed employee business expense deductions are shown on Forms 2106 also included with petitioners' 2012 and 2013 returns, as follows:[4]

| Unreimbursed employee business expenses | 2012 | 2013 |
|---|---|---|
| Vehicle | $11,243 | $12,006 |
| Travel while away from home | 3,640 | 3,940 |
| Business[1] | 888 | 987 |
| Meals and entertainment[2] | 2,020 | 2,248 |

[1]Petitioners' returns do not identify specific expenses included in the deduction for "Business expenses".
[2]Before the application of the 50% limitation prescribed in sec. 274(n)(1).

Petitioners also claimed deductions of $555 and $505 for 2012 and 2013, respectively, attributable to the cost of cleaning the overalls that petitioner wore for work (laundry expenses).

In addition to other adjustments now conceded, in the notice respondent disallowed the deductions described in the preceding paragraph and imposed a section 6662(a) accuracy-related penalty for each year.

_____

[4]For each year in issue petitioners claimed deductions for unreimbursed employee business expenses attributable to Mrs. Campbell that are not reflected in this table as they are not in issue. As best as we can tell from the record, for each year in issue there is a discrepancy between the amount of the unreimbursed employee business expense deduction claimed on the Schedule A and the sum of the unreimbursed employee business expenses reported on the Form 2106 attributable to petitioner and the Form 2106 attributable to Mrs. Campbell. That discrepancy has not been explained.

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction.[5] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Taxpayers must substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. See sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90; sec. 1.6001-1(a), Income Tax Regs.

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business. Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004). Generally, the performance of services as an employee

---

[5]Petitioners do not claim and the record does not show that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

constitutes a trade or business. <u>Primuth v. Commissioner</u>, 54 T.C. 374, 377 (1970).

Section 274(d) imposes strict substantiation requirements for travel, entertainment, gift, and listed property (including passenger automobiles) expenses. <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827 (1968), <u>aff'd per curiam</u>, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Under section 274(d), the taxpayer generally must substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense; (2) the time and place the expense was incurred; (3) the business purpose of the expense; and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred. For listed property expenses, the taxpayer must establish the amount of business use and the amount of total use for the property. <u>See</u> sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs.,

50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

## I. Unreimbursed Employee Business Expenses

### A. Vehicle Expenses

Petitioners claimed vehicle expense deductions of $11,243 and $12,006 for 2012 and 2013, respectively. Petitioner computed those deductions by applying the applicable standard mileage rate[6] for each year in issue to the business miles he claims to have driven: (1) between his residence and temporary worksites in the Chicago metropolitan area, sometimes stopping along the way at his employer's warehouse to pick up various items, and (2) between his residence and the distant worksites, including mileage driven while at the distant worksites.

In general, and if properly substantiated, transportation expenses between places of business are deductible, but as a general rule, a taxpayer's costs of commuting between his or her residence and place of business or employment are

---

[6]The Commissioner generally updates the optional standard mileage rates annually. See sec. 1.274-5(j)(2), Income Tax Regs. The standard mileage rate of 55.5 cents per mile for 2012 is set forth in Notice 2012-1, sec. 2, 2012-2 I.R.B. 260, 260. The standard mileage rate of 56.5 cents per mile for 2013 is set forth in Notice 2012-72, sec. 2, 2012-50 I.R.B. 673, 673.

nondeductible personal expenses. Secs. 162(a), 262(a); Steinhort v. Commissioner, 335 F.2d 496, 503-504 (5th Cir. 1964), aff'g and remanding T.C. Memo. 1962-233; Heuer v. Commissioner, 32 T.C. 947, 951-952 (1959), aff'd per curiam, 283 F.2d 865 (5th Cir. 1960); see also Fausner v. Commissioner, 413 U.S. 838, 839 (1973); Commissioner v. Flowers, 326 U.S. 465, 469-470 (1946); Sanders v. Commissioner, 439 F.2d 296, 297 (9th Cir. 1971), aff'g 52 T.C. 964 (1969); Curphey v. Commissioner, 73 T.C. 766, 777 (1980); Roy v. Commissioner, T.C. Memo. 1997-562, aff'd without published opinion, 182 F.3d 927 (9th Cir. 1999); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs. Seemingly nondeductible commuting expenses may be deducted if the expense is for travel: (1) between a taxpayer's residence and a temporary distant worksite; (2) from the taxpayer's home office to a place of business; and (3) requiring the taxpayer to pay or incur additional costs to transport tools and materials from the taxpayer's residence to a place of business. See Rev. Rul. 99-7, 1999-1 C.B. 361; Rev. Rul. 75-380, 1975-2 C.B. 59.

According to respondent, petitioner is not entitled to the deductions for vehicle expenses because he has failed properly to substantiate the amounts of the underlying expenses (substantiation argument). To the extent the deductions might have been adequately substantiated, respondent further takes the position

that at least some of the vehicle expenses may not be deducted because the expenses are attributable to the cost of commuting (commuting argument).

Our attention is first directed to respondent's substantiation argument. As earlier explained, deductions attributable to a taxpayer's use of the taxpayer's passenger automobile[7] for business purposes are subject to the strict substantiation rules of section 274, and as previously noted, petitioner did not maintain any contemporaneous logs or records contemplated by that statute or its corresponding regulation. Nevertheless, we find that petitioner's testimony, coupled with the records of Midwest, sufficiently satisfies the substantiation requirements of section 274 with respect to the mileage petitioner claims to have driven for work. See sec. 1.274-5T(c)(3), Temporary Income Tax Regs., supra. It follows that petitioners are entitled to deduct vehicle expenses petitioner incurred for once-a-week travel between Midwest's warehouse and a worksite, and for expenses petitioner incurred with respect to travel to and at the distant worksites. The deductions are to be calculated in the parties' Rule 155 computations, taking into account the standard mileage rates previously referenced and petitioners' credible presentation regarding the number of miles driven for such purposes.

---

[7]Petitioner's pickup truck fits within the definition of a "passenger automobile" for purposes of sec. 272. See sec. 280F(d)(5).

As far as substantiation goes, the above reasoning applies to all of the mileage included in the vehicle expense deductions here in dispute. Adequately substantiating the mileage driven for purposes of section 274, however, is only half of the story. Respondent's commuting argument must also be considered for the mileage driven between petitioner's residence and the various Chicago metropolitan worksites. As indicated, according to respondent, the expenses paid or incurred to drive between those points are nondeductible commuting expenses. See sec. 262(a). Petitioners disagree, and without specific reference to the above-cited revenue rulings, argue that for one or more of the reasons contemplated in the revenue rulings travel between petitioner's residence and the Chicago metropolitan area worksites does not constitute commuting. We will take each of those reasons in turn.

1. Temporary Distant Worksites

A taxpayer is entitled to deduct transportation expenses between the taxpayer's residence and the taxpayer's place of business only if the place of business constitutes a temporary distant worksite. See Schurer v. Commissioner, 3 T.C. 544, 547 (1944). Rev. Rul. 99-7, 1999-1 C.B. 361, 361, states: "A taxpayer * * * may deduct daily transportation expenses incurred in going between the taxpayer's residence and a temporary work location outside the metropolitan area

where the taxpayer lives and normally works." The worksites in the Chicago metropolitan area, or the "Chicagoland" area, as described by petitioner's employer, are not "outside the metropolitan area where * * * [petitioner] lives and normally works." That being so, petitioners cannot avoid respondent's commuting argument on that basis.

### 2. Home Office

Petitioners argue that they are entitled to deduct the mileage driven between their residence and all of petitioner's worksites, including the Chicago metropolitan area worksites, because he maintained a home office in the garage of his residence. If only by implication, they rely on Rev. Rul. 99-7, 1999-1 C.B. at 362, which states in pertinent part: "If an office in the taxpayer's residence satisfies the principal place of business requirements of * * * [section] 280A(c)(1)(A), then the residence is considered a business location * * * [and] the daily transportation expenses incurred in going between the residence and other work locations in the same trade or business are ordinary and necessary business expenses (deductible under * * * [section] 162(a))." See, e.g., Strohmaier v. Commissioner, 113 T.C. 106, 113-114 (1999).

A taxpayer generally is not entitled to deduct any expenses related to a dwelling unit used as a residence during the taxable year. Sec. 280A(a). Expenses

attributable to a home office are excepted from this general rule, however, if the expenses are allocable to a portion of the dwelling unit which is exclusively used on a regular basis as the principal place of business for the taxpayer's trade or business. Sec. 280A(c)(1); Lofstrom v. Commissioner, 125 T.C. 271, 277 (2005).

If the taxpayer is an employee, the exception under section 280A(c)(1) will apply only if the exclusive use of the office space is for the convenience of the taxpayer's employer. Section 280A(c)(1) further provides that in this context the term "principal place of business" includes a place of business which is used by the taxpayer for the administrative or management activities of any trade or business of the taxpayer if there is no other fixed location of the trade or business where the taxpayer conducts substantial administrative or management activities of the trade or business. See Hamacher v. Commissioner, 94 T.C. 348, 353-354 (1990).

Petitioners do not claim, and they have not established, that during the years in issue their garage was used exclusively on a regular basis as the principal place of business for petitioner or that the garage/home office was maintained for the convenience of Midwest. Even if petitioner used an area in his garage for business purposes, petitioners would not be entitled to a home office expense deduction attributable to that area (indeed, they did not claim one for either year), and they

cannot avoid respondent's commuting argument on that basis either.  See, e.g.,

Walker v. Commissioner, 101 T.C. 537, 545-546 (1993) (citing and discussing

Curphey v. Commissioner, 73 T.C. 766 (1980)).

### 3.  Transporting Tools and Materials

Rev. Rul. 75-380, 1975-2 C.B. 59, allows taxpayers to deduct the additional

costs that a taxpayer incurs to transport job-related tools and materials between a

taxpayer's residence and the taxpayer's place of employment.  Petitioners did not

provide any evidence that would allow us to determine what excess commuting

expenses, if any, might be attributable to transporting petitioner's tools to and

from his various worksites.  Accordingly, petitioners are not entitled to a

deduction for any such expenses.

### B.  Deductions for Meals and Lodging

Petitioners claimed deductions of $5,660 and $6,188 for 2012 and 2013,

respectively, for meals and lodging expenses.  According to petitioners, these

expenses relate to amounts paid or incurred while petitioner worked at the distant

worksites.

Although Midwest's records show the dates that petitioner worked at the

distant worksites, the records do not show the amounts he might have spent for

meals and lodging while at the distant worksites.  As noted, petitioner did not

retain any receipts that otherwise substantiate those expenses, and as noted, the deduction of expenses for meals and lodging is subject to strict substantiation requirements. Because petitioners have failed to satisfy those requirements, they are not entitled to the deductions for meals and lodging shown on the Forms 2106.[8]

C. Unspecified Business Expenses

For each year petitioners claimed deductions for expenses described on their returns as "unspecified business expenses."[9] Petitioners offered no explanation for these expenses. An unspecified business expense is not deductible. Accordingly, respondent's disallowance of petitioners' claimed deductions for unspecified business expenses is sustained.

---

[8]We are reluctant on our own to apply the benefits of Rev. Proc. 2011-47, sec. 4.03, 2011-42 I.R.B. 520, 522, which relaxes, to some extent, the strict substantiation requirements with respect to expenses for meals while traveling away from home. This is because the Forms 2106 on which the expenses are listed do not take into account any per diem amounts that petitioner might have received from Midwest, and we cannot tell from what has been submitted whether the per diem amounts are included in the wage income petitioner reported on petitioners' return for each year.

[9]It is unclear whether petitioners have conceded these deductions. We proceed as though they have not.

D. Laundry Expenses

Petitioners claimed deductions of $555 and $505 for 2012 and 2013, respectively, for the costs of cleaning petitioner's work clothes.[10] According to petitioner, these expenses relate to the cost to clean his work clothes at a commercial laundromat.

If a taxpayer is entitled to a trade or business expense deduction for an article of clothing, then the taxpayer is entitled to deduct the expenses paid or incurred to launder that item. Expenses for work clothing are deductible if the clothing or uniform is of a type specifically required as a condition of employment, the uniform is not adaptable to general use as ordinary clothing, and the uniforms are not worn as ordinary clothing. Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958); Wasik v. Commissioner, T.C. Memo. 2007-148; Beckey v. Commissioner, T.C. Memo. 1994-514. The overalls petitioner wore for work, as he described them, are adaptable to general use as ordinary clothing. That being so, the costs of the overalls is not deductible as a trade or business

---

[10]Petitioner also claimed unreimbursed employee business expense deductions of $753 and $684 for 2012 and 2013, respectively, for the costs of purchasing "Work Uniforms and Gear". At trial petitioners conceded entitlement to those deductions. Nonetheless, respondent's questions during the re-cross-examination of petitioner suggest that respondent agrees that petitioners are entitled to at least portions of those deductions. If so, that agreement may be reflected in the parties' Rule 155 computations.

expense, and it follows that the expenses incurred to launder the overalls are likewise not deductible. See Yeomans v. Commissioner, 30 T.C. at 767-769. Consequently, petitioners are not entitled to deductions for the laundry expenses.

II. Section 6662(a) Accuracy-Related Penalties

Lastly, we consider whether petitioners are liable for a section 6662(a) accuracy-related penalty for either year in issue. That section imposes an accuracy-related penalty equal to 20% of the underpayment of tax that is attributable to negligence or other specified grounds. Negligence as used in section 6662(b)(1) is defined as any failure to make a reasonable attempt to comply with the Code and any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances. See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925 F.2d 348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985). Respondent bears the burden of production with respect to the imposition of a section 6662(a) accuracy-related penalty. See sec. 7491(c).

Section 6751(b)(1) provides that, subject to certain exceptions in section 6751(b)(2), no penalty shall be assessed unless the initial determination of the

assessment is personally approved in writing by the immediate supervisor of the individual making the determination or such higher level official as the Commissioner may designate. Written approval of the initial penalty determination under section 6751(b)(1) must be obtained no later than the date the notice of deficiency is issued or the date the Commissioner files an answer or amended answer asserting the penalty. Chai v. Commissioner, 851 F.3d 190, 221 (2d Cir. 2017), aff'g in part, rev'g in part T.C. Memo. 2015-42; see also Graev v. Commissioner, 149 T.C. __ (Dec. 20, 2017), supplementing and overruling in part 147 T.C. 460 (2016). Compliance with section 6751(b)(1) is part of the Commissioner's burden of production in any deficiency case in which a penalty subject to section 6751(b)(1) is asserted. Chai v. Commissioner, 851 F.3d at 221.

The section 6662(a) accuracy-related penalties determined in the notice were properly approved as required by section 6751(b)(1). The record includes a Civil Penalty Approval Form, approving imposition of accuracy-related penalties against petitioners for 2012 and 2013 and executed by the IRS tax examiner's immediate supervisor before the date the notice was issued. Respondent has proven sufficient facts to satisfy the burden of production as to that issue.

Petitioners have conceded, without explanation or background, many of the adjustments made in the notice. Furthermore, petitioner failed to maintain

adequate substantiating records for many of the expenses underlying the deductions claimed on petitioners' 2012 and 2013 returns. As a result, we find that respondent met his burden of production with respect to the negligence penalty.

The accuracy-related penalty does not apply to any part of an underpayment of tax if it is shown that the taxpayer acted with reasonable cause and in good faith with respect to that portion. Sec. 6664(c)(1). The determination of whether a taxpayer acted in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Petitioner bears the burden of proving that he had reasonable cause and acted in good faith with respect to the underpayment. See Higbee v. Commissioner, 116 T.C. 438, 449 (2001).

Reliance on professional advice will absolve the taxpayer if "such reliance was reasonable and the taxpayer acted in good faith." Sec. 1.6664-4(b)(1), Income Tax Regs. Under certain circumstances, a taxpayer's reliance upon professional advice may establish the taxpayer's "reasonable cause" and "good faith" with respect to an underpayment of tax if the taxpayer establishes that: (1) the professional was provided with complete and accurate information; (2) an incorrect return was a result of the preparer's mistakes; and (3) the taxpayer

demonstrates good-faith reliance on a competent professional.  See Estate of Goldman v. Commissioner, 112 T.C. 317, 324 (1999), aff'd without published opinion sub nom. Schutter v. Commissioner, 242 F.3d 390 (10th Cir. 2000); see also Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

Although petitioners' returns were prepared by a paid income tax return preparer, petitioners did not provide their return preparer with any source documents underlying the deductions either conceded or here disallowed. Furthermore, petitioners' return preparer testified that he did not provide any professional advice to petitioners; instead, he was simply a scrivener filling in whatever numbers petitioners provided to him.  For either reason, petitioners' claim that their reliance upon their return preparer insulates them from the imposition of the penalty is unavailing.  Respondent's imposition of the section 6662(a) penalty for each year is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.